500 So.2d 526 (1987)
STATE of Florida, Petitioner,
v.
Michael Allen PENTAUDE, Respondent.
Michael Allen PENTAUDE, Petitioner,
v.
STATE of Florida, Respondent.
Nos. 68088, 68081.
Supreme Court of Florida.
January 5, 1987.
*527 Jim Smith, Atty. Gen. and Henri Chevet Cawthon, Asst. Atty. Gen., Tallahassee, for petitioner/respondent.
Michael E. Allen, Public Defender and Kenneth L. Hosford, Sp. Asst. Public Defender, Tallahassee, for respondent/petitioner.
ADKINS, Justice.
In sentencing Michael Allen Pentaude following the revocation of his probation, the trial court imposed a sentence in excess of that provided in the sentencing guidelines. The district court, in State v. Pentaude, 478 So.2d 1147 (Fla. 1st DCA 1985), while reversing and remanding the sentence on other grounds, found the departure proper and certified the following question to this Court:
Whether, under [Florida Rule of Criminal Procedure] 3.701(d)(14) a person found guilty of violation of probation may be sentenced beyond the next higher cell upon consideration by the trial court of circumstances surrounding the violation found by the trial court to be clear and convincing reasons for departure?
Id. at 1149. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the certified question in the affirmative and approve the decision under review.
Pentaude pled guilty to a charge of grand theft auto and was placed on probation for five years beginning January 31, 1984. On April 9, 1984, an affidavit was filed alleging that Pentaude had violated seven of the conditions of his probation. At the probation revocation hearing, he admitted the allegations and his probation was revoked. The recommended guidelines sentence was any non-state prison sanction, or, under Florida Rule of Criminal Procedure 3.701 d.14, which provides that "[t]he sentence imposed after revocation of probation ... may be increased to the next higher cell (guidelines range) without requiring *528 a reason for departure," a twelve to thirty month period of incarceration.
Prior to sentencing, Pentaude's counsel "conditionally elected" to be sentenced under the guidelines as follows:
MS. SUTTON: Okay, just to make sure the record is clear on Mr. Pentaude's behalf I would elect sentencing guidelines if the Court sentences him pursuant to sentencing guidelines, but if the Court departs from sentencing guidelines in excess of the twelve to thirty months category, if it turns out that his incarceration would end sooner if he were to elect the previous method with previous parole I would elect that. If that makes any sense.
The trial court departed from the guidelines and imposed the statutory maximum of five years' imprisonment, and orally pronounced the following reasons for departure:
You are sentenced outside sentencing guidelines, if that election appears to be more profitable to you in terms of early release date, for the following reasons which will be transcribed by the court reporter and made a part of your record: You have violated conditions of your probation and the trust imposed upon you not only by failing to abide by the technical conditions of probation, but apparently having been convicted of an additional crime which shows an utter disregard for the law and for the chances previously given you.
Those reasons the Court deems to be sufficient to aggravate your sentence beyond the sentencing guidelines.
The First District reversed and remanded for resentencing on two grounds, each of which we find proper. First, the above "conditional election" to be sentenced under the guidelines did not constitute a valid affirmative election to be sentenced under the guidelines as required by section 921.001(4)(a), Florida Statutes (1983). We agree that "there must be a clear and unequivocal choice made on the record," Jordan v. State, 460 So.2d 477, 478 (Fla. 2d DCA 1984), in order for a defendant who committed his crime prior to October 1, 1983, to be sentenced under the guidelines. See also Edwins v. State, 475 So.2d 1031 (Fla. 1st DCA 1985).
Second, the district court found the trial court's oral pronouncement of the reasons given for departure insufficient under our decisions of State v. Jackson, 478 So.2d 1054 (Fla. 1985), and State v. Boynton, 478 So.2d 351 (Fla. 1985), cert. denied, ___ U.S. ___, 106 S.Ct. 1232, 89 L.Ed.2d 341 (1986), and so remanded for proper resentencing.
Finally, we note agreement with the district court's holding that "[w]here a trial judge finds that the underlying reasons for violation of probation (as opposed to the mere fact of violation) are more than a minor infraction and are sufficiently egregious, he is entitled to depart from the presumptive guidelines range and impose an appropriate sentence within the statutory limit." 478 So.2d at 1149. See Taylor v. State, 485 So.2d 900 (Fla. 4th DCA 1986), citing Williams v. State, 480 So.2d 679 (Fla. 1st DCA 1985) (certifying to this Court identical questions); Monti v. State, 480 So.2d 223 (Fla. 5th DCA 1985); Gordon v. State, 483 So.2d 22 (Fla. 2d DCA 1985).
Rule 3.701 d.14 merely recognizes that sentencing following revocation of probation is a serious matter, and so allows for a one cell departure without the necessity of any other reason. By no means, however, does the rule even purport to completely limit the trial court's discretion in sentencing when compelling clear and convincing reasons call for departure beyond the next cell. The trial judge has discretion to so depart based upon the character of the violation, the number of conditions violated, the number of times he has been placed on probation, the length of time he has been on probation before violating the terms and conditions, and any other factor material or relevant to the defendant's character.
Here, where Pentaude violated seven conditions of probation, two within the first two months of being on probation, and was convicted of a substantive crime during *529 the probationary period, the trial court departed with good reason.
We therefore approve the opinion here under review.
It is so ordered.
McDONALD, C.J., BOYD, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.