CAMPBELL, Acting Chief Judge.
This appeal questions whether the trial court erred when it departed from the sentencing guidelines in sentencing appellant.
Appellant had been on probation. He violated his probation, probation was revoked and appellant was sentenced to serve five years in prison on four counts, to be served concurrently. The guidelines score-sheet placed appellant in the twelve to thirty months prison or community control cell. The added enhancement of one cell for violation of probation resulted in a recommended sentence of two-and-one-half to three-and-one-half years in prison. The trial judge exceeded that recommendation, sentenced appellant to four five-year concurrent sentences and stated as the reasons therefor that: “Defendant has absconded and refused to adhere to rehabilitative requirements of probation and has through his criminal behavior posed a continued threat to citizens of Florida.”
The threat to citizens through criminal behavior reason is invalid. Martinez-Diaz v. State, 484 So.2d 633 (Fla. 2d DCA 1986). The circumstances of his violation of probation may be a valid reason for departure, but they have not been adequately addressed by the departure reasoning stated by the trial judge. State v. Pentaude, 500 So.2d 526 (Fla.1987).
We first cannot conclude that there are sufficient circumstances surrounding the violation of probation to warrant departure in accord with Pentaude without those reasons being more particularly stated. Second, we cannot conclude beyond a reasonable doubt that absent the invalid reason for departure the trial court would have departed. Albritton v. State, 476 So.2d 158 (Fla.1985).
*455 We vacate the sentence and remand for resentencing.
HALL, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.