504 So.2d 414 (1987)
Howard Coval NICHOLS, Appellant,
v.
STATE of Florida, Appellee.
No. BL-426.
District Court of Appeal of Florida, First District.
February 4, 1987.
On Motion for Rehearing and March 20, 1987.
*415 Michael E. Allen, Public Defender and Ann Cocheu, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Maria Ines Suber, and Raymond L. Marky, Asst. Attys. Gen., Tallahassee, for appellee.
On Motion for Rehearing and En Banc March 20, 1987.
ERVIN, Judge.
Appellant appeals the trial court's departure from the recommended guideline sentence. Although the recommended range for the offense was twelve to thirty months, because the case involved revocation of probation, the trial court could have increased the sentence to the next higher cell, or from thirty months to three and one-half years, without stating a valid reason for departure. Florida Rule of Criminal Procedure 3.701(d)(14). The departed sentences involved seven consecutive five-year terms, or a total of thirty-five years. We find the departure invalid, and reverse and remand.
None of the reasons stated is a valid ground for departure. The first two reasons, appellant's history of criminal activity and his escalating pattern of criminal conduct, take into account appellant's past criminal history and violate Hendrix v. State, 475 So.2d 1218 (Fla. 1985). The third reason, protection of the community, is not a clear and convincing reason, because "[a] trial judge may not substitute his own opinion for that of the Sentencing Guideline Commission simply because he does not agree with the presumptive sentence." Williams v. State, 492 So.2d 1308, 1309 (Fla. 1986). The final reason, deterrence, is also invalid. Scurry v. State, 489 So.2d 25, 29 (Fla. 1986).
The case is reversed and remanded for resentencing. On remand, the sentence imposed must be within the recommended range provided by the guidelines, or may be increased to the next higher cell. Williams v. State, 492 So.2d 1308 (Fla. 1986).
REVERSED AND REMANDED.
SHIVERS and ZEHMER, JJ., concur.

ON MOTIONS FOR REHEARING AND EN BANC
ERVIN, Judge.
The state asserts in motions for rehearing and rehearing en banc that our opinion of February 4, 1987 conflicts with two recent decisions of the Florida Supreme *416 Court, Keys v. State, 500 So.2d 134 (Fla. 1986), and State v. Pentaude, 500 So.2d 526 (Fla. 1987). We modify our opinion in part and in all other respects deny the motions.
We acknowledge that, based on Keys v. State, "an escalating pattern of criminal activity" is a valid reason for departure from the sentencing guidelines, as the court there found that "escalation from crimes against property to violent crimes against persons" was a valid reason for departure. 500 So.2d at 136. We also find upon reexamination of the record that there exists no escalating pattern of crime, because the offenses for which appellant was convicted in 1979 were for the sale and possession of marijuana and PCP, and the 1986 offenses were for the possession of marijuana and cocaine, and the failure to appear. These crimes are in our judgment not escalations but rather represent a continuing pattern of drug-related offenses. A continuing pattern of offenses is not a valid reason for departure. See Fain v. State, 488 So.2d 169 (Fla. 1st DCA 1986) (a continuing pattern of theft is an invalid reason for departure); Casteel v. State, 481 So.2d 72, 73 (Fla. 1st DCA 1986), reversed on other grounds, 498 So.2d 1249 (Fla. 1986) (a pattern of conduct rendering the defendant "a continuing and serious threat to the community" is invalid).
The state additionally argues that our reversal of the trial court's reasons for departure is in conflict with the Florida Supreme Court's holding in State v. Pentaude, 500 So.2d 526 (Fla. 1987), stating that a trial court may, for clear and convincing reasons, when the reasons are based upon a violation of probation, depart more than the next higher cell from that permitted by the guidelines range. We find the facts in Pentaude are factually dissimilar from those at bar and that Pentaude is therefore not controlling. In the case at bar, reason number one for departure recited appellant's criminal record, including the violations of probation, and concluded that appellant "is a non-rehabilitative career criminal." The record does not clearly and convincingly support the trial court's characterization of the appellant as a "non-rehabilitative career criminal." And, even if such a characterization were supported by the record, it would not be a valid ground for departure as it is based on appellant's past criminal history and therefore violates Hendrix v. State, 475 So.2d 1218 (Fla. 1985). Cf. Whitehead v. State, 498 So.2d 863 (Fla. 1986) (habitual offender status is not a valid reason for departure); Leverson v. State, 502 So.2d 1320 (Fla. 1st DCA 1987) (characterization of defendant as scofflaw is an invalid reason for departure). Pentaude is moreover not relevant, because in the present case, the reason for departure was not based on appellant's violation of probation.
DENIED.
SHIVERS and ZEHMER, JJ., concur.