POLEN, Judge.
Appellant contests the trial court’s upward departure from the sentencing guidelines range of seven to nine years in state prison, to the statutory maximum of fifteen years. Originally charged with one count of sexual battery of a child, appellant had pled to the lesser offense of attempted sexual battery. He was sentenced to five years in state prison, to be followed by *567 seven and one-half years probation. The plea agreement included a fifteen-year cap on imprisonment. Following his term of imprisonment, appellant was charged with violating the probation portion of his sentence. He served two months in the county jail, after which his probation was reinstated.
On March 3, 1988, approximately seven months after being reinstated, a warrant was filed charging appellant with again violating his probation by not paying his financial obligations, not reporting, and absconding from supervision. No new substantive offenses were charged. Appellant was arrested in Charlotte, North Carolina, and returned to Florida on the warrant. At sentencing the trial judge determined appellant was not amenable to probation and sentenced him to the enhanced sentence now being appealed. We affirm the departure sentence.
Appellant contends the trial judge failed to state clear and convincing reasons for the two-cell departure from the presumptive recommended range. Under the sentencing guideline rules the trial judge may aggravate one cell above the presumptive range for violation of probation without the necessity of stating clear and convincing reasons for such departure. State v. Pentaude, 500 So.2d 526 (Fla.1987). In this case appellant could have been sentenced to twelve years in prison and would have no basis to appeal such a ruling. However, in Pentaude, the supreme court held that Florida Rule of Criminal Procedure 3.701 d.14 did not limit the trial court’s discretion in sentencing when clear and convincing reasons were presented which would support departure beyond the next cell. The court said:
Rule 3.701 d.14 merely recognizes that sentencing following revocation of probation is a serious matter, and so allows for a one cell departure without the necessity of any other reason. By no means, however, does the rule even purport to completely limit the trial court’s discretion in sentencing when compelling clear and convincing reasons call for departure beyond the next cell. The trial judge has discretion to so depart based upon the character of the violation, the number of conditions violated, the number of times he has been placed on probation, the length of time he has been on probation before violating the terms and conditions, and any other factor material or relevant to the defendant’s character.
Id. at 528. See also Taylor v. State, 485 So.2d 900 (Fla. 4th DCA 1986) (trial judge could exceed the one cell departure, even if there was no new law violation, provided he or she stated in writing clear and convincing reasons for such departure).
In the present case, we note that paragraphs 3, 4, and 5 of the trial judge’s written departure order rather than delineating reasons for departure merely provide a history of the case. The first and second paragraphs of the written order actually set forth the three reasons for the departure sentence: 1) the circumstances of appellant’s earlier violation of probation; 2) the occurrence of this violation within six months of appellant’s completing his previous sixty-day sentence; 3) the circumstances of the present violation, including appellant’s absconding to North Carolina and his subsequent arrest. It was within the trial judge’s discretion to find this conduct sufficiently egregious to provide clear and convincing reasons to support his departure sentence. This court will not disturb that finding on appeal. Accordingly, the judgment and sentence appealed are affirmed.
STONE and WARNER, JJ., concur.