545 So.2d 838 (1989)
David LAMBERT, Petitioner,
v.
STATE of Florida, Respondent Bernhine W. Young, Petitioner,
v.
State of Florida, Respondent.
Nos. 71890, 72047.
Supreme Court of Florida.
June 15, 1989.
*839 Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for Lambert.
Thomas W. Turner of Thomas W. Turner, P.A., Orlando, for petitioners.
Robert A. Butterworth, Atty. Gen., and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for respondent.
PER CURIAM.
We have for review Lambert v. State, 517 So.2d 133 (Fla. 4th DCA 1987), and Young v. State, 519 So.2d 719 (Fla. 5th DCA 1988), to answer certified questions of great public importance. We have jurisdiction over these consolidated cases. Art. V, § 3(b)(4), Fla. Const. We quash the decisions of the district courts in both cases.
These cases present the issue of whether factors related to violation of probation or community control can be used as grounds for departing from the sentencing guidelines. For reasons discussed below, we conclude that such factors cannot support departure.
Lambert was placed on community control for a period of one and one-half years after pleading nolo contendere to charges of aggravated battery and aggravated assault. He subsequently was charged with violating community control. The state's evidence at the violation hearing indicated that while Lambert was at the home of a former girlfriend, Kathleen Gordon, the two argued and Lambert struck her several times with a fork or a knife, threatened to kill her, and struck one of her sons with the same object. The trial court found Lambert guilty of the violations. It revoked his community control, adjudicated him guilty of the original offenses for which he had been placed on community control, and sentenced him to serve concurrent fifteen- and five-year sentences. The guidelines range was twelve to thirty months, including the one-cell increase for violation of community control. See Fla.R.Crim.P. 3.701(d)(14). The court gave the following reasons for departure:
1. That the Defendant while on community control committed new substantive offenses.
2. That the new substantive offenses were committed while Defendant was away from his approved residence without the permission or knowledge of his community control officer.
3. That the new substantive violations were violent in nature.
4. That the new substantive offenses resulted in charges identical to those for which the Defendant was placed on community control, those being Aggravated Battery and Aggravated Assault.
5. That the Defendant committed these new offenses with a weapon to-wit: a knife.
6. That the Defendant did stab the victim, Kathleen Gordon, (the subject of violation of community control number two (2)), in three (3) places leaving scars that were shown in open court.
7. That the Defendant's violent actions in this matter were the result of an insignificant domestic problem.
8. That in addition to the stabbing of the victim, Kathleen Gordon, the Defendant committed three (3) counts of Aggravated Assault upon her minor children and her nephew who tried to come to her aid.

*840 9. That one of Kathleen Gordon's children was also cut on the leg and bears a large scar which was displayed in open court.
10. That during the course of this attack the Defendant threatened to kill the victims.
Lambert, 517 So.2d at 133-34.
Lambert had been charged at the time of sentencing but not tried for the criminal conduct constituting the probation violations. The charges subsequently were dropped. The district court affirmed the appeal of the departure sentence, relying on State v. Pentaude, 500 So.2d 526 (Fla. 1987). In Pentaude, this Court ruled that where an offense constituting violation of probation is sufficiently egregious, Florida Rule of Criminal Procedure 3.701(d)(14) cannot be read as limiting departure to a single cell. The district court in Lambert then certified the following question:
WHERE A TRIAL JUDGE FINDS THAT THE UNDERLYING REASONS FOR VIOLATION OF COMMUNITY CONTROL CONSTITUTE MORE THAN A MINOR INFRACTION AND ARE SUFFICIENTLY EGREGIOUS, MAY HE DEPART FROM THE PRESUMPTIVE GUIDELINES RANGE AND IMPOSE AN APPROPRIATE SENTENCE WITHIN THE STATUTORY LIMIT EVEN THOUGH THE DEFENDANT HAS NOT BEEN "CONVICTED" OF THE CRIMES WHICH THE TRIAL JUDGE CONCLUDED CONSTITUTED A VIOLATION OF HIS COMMUNITY CONTROL?
Lambert, 517 So.2d at 134.
Young's petition for review poses a like issue. Young pled guilty to two counts of selling cocaine and was sentenced to two concurrent terms of five years' probation. He subsequently was charged with violating probation. The state presented evidence at the violation hearing indicating that while on probation Young sold cocaine to a police informant on two occasions, and that when he was arrested at a later date, a piece of rock cocaine was found in the trunk of his car. At the violation hearing, the court made a judicial finding that Young had sold cocaine on two occasions and revoked his parole. He was sentenced to serve two concurrent fifteen-year sentences for the original offenses. The guidelines range was two and one-half to three and one-half years including a one-cell increase for violation of probation. The court gave the following reason for departure:
The reason for the guideline departure is that the Defendant committed a substantive violation of his probation in that the Defendant was on probation for two counts of selling cocaine and violated his probation by twice more selling cocaine. See Townsend v. State, 458 So.2d 856 (Fla. 2d D.C.A. 1984), and cases cited therein.
Young, 519 So.2d at 720.
When he was sentenced for violation of probation, Young had been charged with sale and possession of cocaine on the basis of the two alleged sales to the police informant. As to the first sale, he was tried and acquitted of sale, but found guilty of the lesser charge of possession. He was sentenced to the maximum guideline term of three and one-half years, to run consecutive to his other sentences. He had not yet been tried on the second alleged sale and subsequent possession. He ultimately was tried and convicted of sale and possession and was sentenced to the guidelines maximum of five and one-half years, again to run consecutively. The district court, relying on Pentaude, affirmed the departure sentences but certified the following question:
WHERE A TRIAL JUDGE FINDS THAT THE UNDERLYING REASONS FOR VIOLATION OF PROBATION CONSTITUTE MORE THAN A MINOR INFRACTION AND ARE SUBSTANTIVE VIOLATIONS, MAY HE DEPART FROM THE PRESUMPTIVE GUIDELINES RANGE AND IMPOSE AN APPROPRIATE SENTENCE WITHIN THE STATUTORY LIMIT EVEN THOUGH THE DEFENDANT HAS NOT BEEN "CONVICTED" OF THE CRIMES WHICH THE TRIAL JUDGE *841 CONCLUDED CONSTITUTED A VIOLATION OF HIS PROBATION?
Young, 519 So.2d 722. We answer both certified questions in the negative based on the following analysis.

I. THE NECESSITY OF PRIOR CONVICTION
If new offenses constituting a probation violation are to be used as grounds for departure when sentencing for the original offense, prior conviction on the new offenses is required. Florida Rule of Criminal Procedure 3.701(d)(11) provides in relevant part that:
Reasons for deviating from the guidelines shall not include factors relating to prior arrests without conviction. Reasons for deviating from the guidelines shall not include factors relating to the instant offenses for which convictions have not been obtained.
The committee note to the rule states:
The court is prohibited from considering offenses for which the offender has not been convicted.
Though the note and rule are silent as to whether they apply to conduct constituting probation violation, they reasonably can be so read. Where a criminal statute is susceptible of different interpretations, it must be construed in favor of the accused. § 775.021(1), Fla. Stat. (1987). This Court has consistently required prior conviction for guideline departure in original sentencing proceedings. See State v. Jaggers, 526 So.2d 682, 684 (Fla. 1988) ("Charges of criminal activity alone have never provided valid grounds for departure."); Williams v. State, 500 So.2d 501, 503 (Fla. 1986) ("permitting departures for an offense for which a defendant has not been convicted is clearly prohibited"). Policy considerations that mandate conviction prior to departure at an original sentencing are equally applicable to sentencing following probation violation.

II. INAPPROPRIATENESS OF DEPARTURE EVEN WITH PRIOR CONVICTION
Even where conviction on the new offense constituting the probation violation is obtained prior to sentencing on the original offense, two basic problems are presented when the court attempts to use the probation violation as grounds for departure. First, severe conflict with Hendrix v. State, 475 So.2d 1218 (Fla. 1985), is encountered where a defendant is sentenced simultaneously for both the original and the new offenses. In Hendrix, we held that departure may not be based upon factors already weighed in arriving at the presumptive sentence. During simultaneous sentencing, a single scoresheet must be used for all offenses pending before the court. Fla.R.Crim.P. 3.701(d)(1). Status points must be added to the scoresheet total because the new offense was committed while under legal restraint. Fla.R. Crim.P. 3.701(d)(6). These status points are used in calculating the presumptive sentence for all offenses disposed of under that scoresheet. To add status points due to legal restraint and to simultaneously depart based upon probation violation constitutes double-dipping.
Second, violation of probation is not itself an independent offense punishable at law in Florida. The legislature has addressed this issue and chosen to punish conduct underlying violation of probation by revocation of probation, conviction and sentencing for the new offense, addition of status points when sentencing for the new offense, and a one-cell bump-up when sentencing for the original offense. It has declined to create a separate offense punishable with extended prison terms. If departure based upon probation violation were to be approved, the courts unilaterally would be designating probation violation as something other than what the legislature intended. Such was the case in Young, where the defendant was sentenced to the guidelines maximum of nine years for his new offenses and to an eleven and one-half year departure on the sentence for the original offense. Not only was he punished twice for the same conduct, he was punished greater than twice the presumptive sentence established by the legislature for that conduct. Lambert too was impermissibly sentenced outside the guidelines where he received a twelve and one-half *842 year departure for the original offenses based upon conduct for which there was no conviction. In a recent case, Medina v. State, 526 So.2d 216 (Fla. 2d DCA 1988), the defendant, who was on probation for selling seven ounces of cocaine, violated probation by selling a lesser amount of cocaine. The trial court departed from the guidelines range of seven to nine years and sentenced Medina to two consecutive thirty-year terms on the original offenses. Such multicell departure based upon probation violation is contrary to the spirit and intent of the guidelines, which is to establish uniformity in sentencing. Departures are to be affirmatively discouraged. Hendrix, 475 So.2d at 1220.
Accordingly, we hold that factors related to violation of probation or community control cannot be used as grounds for departure. To the extent that this conflicts with our earlier ruling in Pentaude, we recede from our decision there.
Based upon the foregoing, we quash the decisions of the district courts and remand both cases for resentencing within the guidelines.
It is so ordered.
EHRLICH, C.J., and SHAW, BARKETT and KOGAN, JJ., concur.
OVERTON, J., dissents with an opinion, in which McDONALD, J., concurs.
GRIMES, J., dissents with an opinion.
OVERTON, Justice, dissenting.
The majority, by its opinion, has overruled State v. Pentaude, 500 So.2d 526 (Fla. 1987), a unanimous decision which approved certain departure sentences. I find no basis to overrule that decision.
It is an established principle of law in this state that a trial judge in a probation violation hearing may use evidence of criminal conduct separate from a criminal conviction to establish a violation of probation. See Russ v. State, 313 So.2d 758 (Fla.), cert. denied, 423 U.S. 924, 96 S.Ct. 267, 46 L.Ed.2d 250 (1975); see also Maselli v. State, 446 So.2d 1079 (Fla. 1984). In my view, there is no justifiable reason why that same criminal conduct should not also be utilized to justify a departure sentence. In State v. Pentaude, 500 So.2d at 528, we expressly so held, stating:
[W]e note agreement with the district court's holding that "[w]here a trial judge finds that the underlying reasons for violation of probation (as opposed to the mere fact of violation) are more than a minor infraction and are sufficiently egregious, he is entitled to depart from the presumptive guidelines range and impose an appropriate sentence within the statutory limit." [Pentaude v. State, 478 So.2d 1147, 1149 (Fla. 1st DCA 1985)].
Rule 3.701 d.14 [Florida Rules of Criminal Procedure] merely recognizes that sentencing following revocation of probation is a serious matter, and so allows for a one cell departure without the necessity of any other reason. By no means, however, does the rule even purport to completely limit the trial court's discretion in sentencing when compelling clear and convincing reasons call for departure beyond the next cell. The trial judge has discretion to so depart based upon the character of the violation, the number of conditions violated, the number of times he has been placed on probation, the length of time he has been on probation before violating the terms and conditions, and any other factor material or relevant to the defendant's character.

(Emphasis added; citations omitted.)
In considering precedent and its importance to the judicial system, we should look at what we held in the previous decision and what has changed since the time that decision was rendered. Absolutely nothing has changed since we unanimously rendered that decision. In Pentaude, we clearly stated that a defendant's conduct that justifies a violation of probation may be used to depart from a guideline sentence as long as that conduct was not otherwise scored in the guidelines. In my view, this is a logical and reasonable construction of *843 the guidelines. I do not read them as prohibiting a trial judge from considering a defendant's unlawful conduct that has been presented in a full legal proceeding. I would agree that the judge cannot use the same conduct twice in sentencing a defendant. Further, without other grounds, the departure should not exceed the guideline sentence that would be imposed on a defendant convicted of a criminal offense for the conduct that brought about the violation of probation. I would apply Pentaude, answer the question in the affirmative, and approve the district court's decision.
McDONALD, J., concurs.
GRIMES, Justice, dissenting.
Florida Rule of Criminal Procedure 3.701(d)(11) was intended to prevent a sentencing judge from using contemporaneous or prior conduct of the defendant for which he had not been convicted as a basis for departure. In my opinion, it was never contemplated that the rule would be applied to preclude a judge from using criminal conduct which is proved to be the basis for revoking probation as a reason for departing from the sentencing guidelines. Moreover, the rule precludes deviation from the guidelines where the court asserts reasons that "include factors relating to the instant offenses for which convictions have not been obtained." The instant offense is the original charge for which the sentence is imposed rather than the facts underlying the violation of probation. Dewberry v. State, 537 So.2d 669 (Fla. 1st DCA 1989).
A defendant is put on probation as a matter of grace. If he violates the probation by conduct equivalent to a crime, he cannot justifiably complain that his sentence is longer than it might otherwise have been had he not been put on probation in the first place. However, I acknowledge the problem of double-dipping. I would solve the problem in this manner. If the defendant is subsequently convicted for the conduct which caused him to receive a departure sentence upon the revocation of his probation, he should be entitled to have credited against his new sentence that portion of the departure sentence which exceeded the one-cell increase permitted by Florida Rule of Criminal Procedure 3.701(d)(14).
I respectfully dissent.