548 So.2d 882 (1989)
Donald BRANTON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1942.
District Court of Appeal of Florida, Fifth District.
September 14, 1989.
James B. Gibson, Public Defender, and Glen P. Gifford, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Colin Campbell, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
The defendant appeals his sentences imposed after the revocation of his probation in Case No. 86-293, burglary, Case No. 87-1209, burglary and grand theft, and Case No. 87-2162, possession of cocaine and resisting a law enforcement officer with violence. The sentencing guidelines recommendation, after the one cell increase permitted by Rule 3.701(d)(14), was two and one-half to three and one-half years. The trial court departed and sentenced the defendant to fifteen years incarceration in Case No. 86-293, with 206 days credit for time served, five years concurrent incarceration in Case No. 87-2162, with 100 days credit for time served, and three years probation in case No. 87-1209, consecutive to the fifteen years incarceration in Case No. 86-293.
The court gave two written reasons for departure; three violations of probation stemming over a two year period and failure to report upon release from custody in Case Nos. 87-1209 and 87-2162. The character of the probation violations, the number of conditions violated, the number of times the defendant was placed on probation, and the length of time the defendant was on probation before the violation are all valid considerations for departure under State v. Pentaude, 500 So.2d 526, 528 (Fla. 1987). Pentaude was the law at the time of sentencing but the supreme court has receded from Pentaude in Lambert v. State, 545 So.2d 838 (Fla. 1989).
In Lambert it is specifically held "that factors related to violation of probation or community control cannot be used as grounds for departure."
The sentence is vacated and the case remanded for resentencing of appellant. When sentence is imposed after revocation of probation or community control, an increase to the next higher cell in the guideline range is permitted by Rule 3.701(d)(14) but no departure sentence is permitted for that factor.
SENTENCE VACATED; REMANDED.
COBB and COWART, JJ., concur.