PER CURIAM.
The defendant was adjudicated guilty of aggravated assault without a firearm and was placed on probation for two years to run consecutive to two years of community control. During the period thereof the defendant was found to be in violation of his community control and was placed on five years of probation to run consecutive to a five-year prison term imposed in a previous case. We reverse and remand for resen-tencing.
On September 21, 1988, after having been released from prison only eight hours earlier, the defendant was arrested for battery and obstruction of a police officer’s duties. The defendant was subsequently charged with violation of probation in that he violated Condition 5 of his probation, to remain at liberty without violating the law. After a hearing finding the defendant guilty of violation of probation, the trial court departed from the recommended guidelines and sentenced the defendant to five years in prison reciting the following reasons:
The defendant has demonstrated that he is unamenable to non-incarcerative supervision. He was arrested within eight hours of his release from the Department of Corrections for the same type of assaultive behavior. The community cannot be adequately protected from the Defendant via a probation or community control sentence after service of the presumptive guidelines sentence in this case.
The defendant argues that the foregoing reasons rely upon offenses for which he had not been convicted prior to the sentencing, and that therefore these offenses cannot be used as a basis for departure. This issue was recently addressed in Lambert v. State, 545 So.2d 838 (Fla.1989). In Lambert the supreme court held that a trial judge may not depart from the presumptive guidelines range and impose a departure sentence because of crimes of which the defendant has not been convicted, but which the trial judge had found constituted' a violation of the defendant’s probation. Accordingly, we reverse and remand this cause for resentencing within the guidelines.
SMITH, THOMPSON and MINER, JJ., concur.