550 So.2d 557 (1989)
Tina L. KRAMER, Appellant,
v.
STATE of Florida, Appellee.
No. 89-38.
District Court of Appeal of Florida, Fifth District.
October 26, 1989.
James B. Gibson, Public Defender, and Barbara L. Condon, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Laura Griffin, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
The defendant pled guilty to grand larceny and was placed on probation with conditions. Thereafter she was found to have violated conditions of probation. She was sentenced to six months incarceration followed by one year community control, followed by two years probation. Subsequently she was found to have violated conditions of her community control and again sentenced, this time to a departure sentence of five years incarceration. The reasons given for departure related to her violation of probation and her violation of community control.
Upon a violation of community control, the sentencing court may resentence the defendant only within a one cell upward increase from the original guideline range (Florida Rule of Criminal Procedure 3.701 d.14.) and factors relating to the violation of probation or community control cannot be used as grounds for departure from the recommended guideline sentence range. See, Franklin v. State, 545 So.2d 851 (Fla. 1989); Lambert v. State, 545 So.2d 838 (Fla. 1989). See also Dewberry v. State, 546 So.2d 409 (Fla. 1989); Branton v. State, 548 So.2d 882 (Fla. 5th DCA 1989).
The sentence is vacated and the cause is remanded for resentencing.
SENTENCE VACATED; REMANDED.
DANIEL, C.J., and SHARP and COWART, JJ., concur.