PER CURIAM.
The defendant’s conviction for the offense of sale or delivery of a controlled substance[1] and for the separate offense of possession[2] of the same controlled substance violated his constitutional double jeopardy rights. See Carawan v. State, 515 So.2d 161 (Fla.1987).[3] Therefore the conviction of possession under section 893.-13(l)(f), Florida Statutes, charged in Count II of Case No. 88-1794 is reversed. The defendant’s guideline scoresheet scored the reversed possession conviction. The reversal of this possession conviction results in a two point downward point change but does not change the recommended guideline sentencing range. However the trial court departed from the recommended guideline sentence; therefore we must consider the validity of the departure sentence. Four reasons are given for imposing the departure sentence. One ground, that the defendant was an habitual seller of cocaine, was conceded by the State on appeal to be an invalid ground for departure: see Whitehead v. State, 498 So.2d 863 (Fla.1986); two grounds were factors relating to violation of probation and are invalid under Lambert v. State, 545 So.2d 838 (Fla.1989); the remaining reason, relating to the timing of the offense, does not meet the standard of temporal proximity required by State v. Jones, 530 So.2d 53 (Fla.1988). Therefore the departure sentence is vacated and the cause remanded for resentenc-ing within the recommended guideline range. Shull v. Dugger, 515 So.2d 748 (Fla.1987); Branton v. State, 548 So.2d 882 (Fla. 5th DCA 1989).
REVERSED IN PART; SENTENCE VACATED; and REMANDED.
COWART and GOSHORN, JJ., and HARRIS, Associate Judge, concur.

. § 893.13(l)(a)l, Fla.Stat.

. § 893.13(l)(f), Fla.Stat.

. The offenses involved occurred prior to July 1, 1988, the effective date of Chapter 88-131, § 7, Laws of Florida. See State v. Smith, 547 So.2d 613 (Fla.1989).