PER CURIAM.
Keith John Richardson appeals from the trial court’s imposition of a guideline departure sentence. We find all three reasons given for departure to be invalid, and reverse and remand for resentencing.
The record indicates that Richardson pled nolo contendere in November of 1986 to one count of conspiracy to commit robbery. When he failed to appear for sentencing, a capias was issued. He was eventually arrested in September 1987, and was sentenced the following month to five years probation with the condition that he serve eight months in county jail. In December 1987, he was released from the Bay County Jail and allowed to transfer his probationary term to his home state of Virginia. In March 1988, Virginia probation authorities notified the trial court in Florida that Richardson had changed his residence and employment without the knowledge or consent of his probation officers and his whereabouts were unknown, that he had failed to report for scheduled drug and alcohol counseling and had not made contact with his probation officer since March 16, 1988, and that he had an outstanding arrest warrant for petit theft.
Richardson was arrested in Florida on May 20, 1988. He admitted all three allegations of violation of probation and was sentenced to five years incarceration. The recommended guideline sentence was any nonstate prison sanction. Florida Rule of Criminal Procedure 3.701(d)(14) would have allowed the court to impose a sentence of 12-30 months incarceration or community control (the next higher cell) without stat *1256 ing reasons for departure. As grounds for the more than a one-cell departure, the trial court gave the following written reasons:
The continuing persistent pattern of the defendant’s absconding from supervision, together with his continuing pattern of criminal activity and the fact that he was alleged to have committed a new offense shortly after being placed on probation and returning to the State of Virginia, are not factors considered under the guidelines and are a proper basis for departure.
The trial court’s first reason for departure — appellant’s pattern of absconding from supervision — is invalid. The record at best establishes only two instances of absconding, and not a “continuing and persistent pattern.” Davis v. State, 534 So.2d 821 (Fla. 4th DCA 1988) (the current offense and one prior offense insufficient to establish a “pattern” of escalating criminal activity).
The second reason — continuing pattern of criminal activity — is likewise invalid because the record does not indicate a “pattern.” Even assuming that it did, criminal history must demonstrate an increase in the seriousness of the defendant’s crimes in order to support departure. McFadden v. State, 529 So.2d 351 (Fla. 1st DCA 1988). The record in the instant case indicates the reverse of an escalating course of criminal conduct, from conspiracy to commit robbery (a third-degree felony) to petit theft (a first-degree misdemeanor).
The trial court’s third reason — the fact that Richardson was alleged to have committed a new offense shortly after being placed on probation — is invalid based on the Florida Supreme Court’s recent holding in Lambert v. State, 545 So.2d 838 (Fla.1989). In Lambert, the supreme court receded from State v. Pentaude, 500 So.2d 526 (Fla.1987), and found that where “new offenses constituting a probation violation are to be used as grounds for departure when sentencing for the original offense, prior conviction on the new offenses is required.” 545 So.2d at 841. Because appellant Richardson had not been convicted of petit theft at the time he was sentenced on the original offense, the trial court erred m basing his departure on that offense.
The sentence is therefore reversed and the case is remanded to the trial court for resentencing.
SHIVERS, C.J., and ZEHMER and BARFIELD, JJ., concur.