HARRIS, Judge.
Victor C. Johnson appeals his enhanced sentence of 15 years following his guilty plea to his second violation of probation after originally being convicted of robbery with a firearm. His applicable sentencing range was 3-V2 to 4-V2 years or up to 5-V2 years for the additional one cell enhancement because of the violation of probation.
Johnson argues, and the State agrees, that the departure sentence is in error because the trial judge failed to give written reasons for the departure. Hoag v. State, 523 So.2d 788 (Fla. 5th DCA 1988).
The State further argues that since the trial court orally announced valid reasons for departure, this case should be remanded so that written reasons for departure can be filed. See Stewart v. State, 549 So.2d 171 (Fla. 5th DCA 1989). The oral reasons for departure which were based on the violation of probation, while valid under Pentaude v. State, 500 So.2d 526 (Fla.1987) are no longer valid because the supreme court receded from Pentaude in Lambert v. State, 545 So.2d 838 (Fla.1989) holding:
Accordingly, we hold that factors relating to violations of probation or community control cannot be used as grounds for departure. To the extent that this conflicts with our earlier ruling in Pen-taude, we recede from our decision there.
Id. at 842.
REVERSED and REMANDED with instructions to resentence defendant within the appropriate range.
DANIEL, C.J., and COBB, J., concur.