HALL, Judge.
The appellant challenges the sentence imposed upon him following revocation of his probation. He argues that the trial court’s reason for departure from the presumptive guidelines sentence is invalid under Lambert v. State, 545 So.2d 838 (Fla.1989), since factors relating to the violation of probation cannot be used to support departure beyond the discretionary one-cell increase permitted by Florida Rule of Criminal Procedure 3.701(d)(14).
The trial court’s reason for departure from the guidelines was that the appellant committed four similar crimes nine days after he had been placed on probation. At the time of sentencing for the present offense, the appellant had already been convicted and sentenced for the crimes underlying the probation violation.
According to Lambert, the conduct underlying probation violation and revocation may not be considered as a reason for departure. The imposition of extended prison terms for such conduct would constitute impermissible “double-dipping” since a defendant could be convicted and sentenced for any subsequent offenses at another sentencing, as was the appellant.
Accordingly, we reverse and remand for resentencing. In resentencing the appellant, the trial court may only increase the appellant’s' recommended guidelines sentence one cell for the revocation of probation under Rule 3.701(d)(14). Shull v. Dugger, 515 So.2d 748 (Fla.1987).
SCHOONOVER, A.C.J., and THREADGILL, J., concur.