PER CURIAM.
Tracy Anderson appeals from a sentence entered upon revocation of his probation. For the following reason, we reverse.
In April, 1987, Anderson was placed on probation after being found guilty of aggravated battery. In September, 1987, Anderson was charged by information with robbery and resisting arrest. An affidavit of violation of probation was filed citing the pending charges. Following a revocation of probation hearing, Anderson was adjudged guilty of probation violations. The trial court revoked his probation and, citing five written reasons for departure from the guidelines, sentenced him to 15 years in state prison for the April, 1987, offense. The guidelines sentence was 3V2 to 4½ years.
The trial court erred in departing more than one cell upward from the sentencing guidelines upon revocation of Anderson’s probation. The Florida Supreme Court has unequivocally stated that “any departure sentence for probation violation is impermissible if it exceeds the one-cell increase permitted by the sentencing guidelines.” Ree v. State, No. 71,424 (Fla. Nov. 16, 1989), citing Lambert v. State, 545 So.2d 838 (Fla.1989). Accordingly, we reverse the sentence imposed and remand for sentencing in accordance with the recommended sentencing guidelines.
Reversed and remanded with directions.