THREADGILL, Judge.
Paul A. Knight appeals his departure sentence entered after violation of community control. We find that the egregious conduct of the defendant while on community control is not a valid reason for departure, and therefore reverse.
The appellant pled guilty to charges of burglary and grand theft auto and was placed on community control. An affidavit alleging that he had violated community *802 control was filed approximately one month later and at a revocation hearing he admitted several violations. The trial court sentenced him to fifteen years’ incarceration for the burglary and five years for the grand theft auto to run concurrently. This represented a departure from the recommended guidelines sentence and was above the one-cell increase permitted for violation of probation or community control. As a written reason for departure, the trial court found that committing two burglaries while on community control for burglary amounted to egregious conduct.
In Lambert v. State, 545 So.2d 838 (Fla.1989), the supreme court held that factors relating to the violation of probation or community control cannot be used to support departure beyond the discretionary one-cell increase permitted by Florida Rule of Criminal Procedure 3.701(d)(14). See also Ree v. State, 14 F.L.W. 565 (Fla. Nov. 16, 1989). We therefore reverse and remand for resentencing.
Reversed and remanded.
SCHOONOVER, A.C.J., and HALL, J., concur.