THREADGILL, Judge.
Renwick Lyndell Foster appeals his departure sentence entered after violation of probation, contending that the reasons for departure listed by the trial court are invalid. We agree.
The appellant was convicted of both possession and delivery of cocaine and was placed on three years probation. About a month later an affidavit was filed against him, charging that he had violated probation by committing strong arm robbery, dislocating the victim’s jaw. He admitted the violation, was sentenced to five years incarceration for possession and fifteen years incarceration for delivery, to run consecutively. The trial court listed as reasons for this departure sentence, the calculated manner in which the appellant violated probation, the failed attempt at rehabilitation, the timing of the offense, the escalating criminal conduct, the severity of the injury to the victim and the excessive use of force.
In Lambert v. State, 545 So.2d 838 (Fla.1989), the supreme court held that factors relating to the violation of probation cannot *1204 be used to support departure beyond the discretionary one-cell increase permitted by Florida Rule of Criminal Procedure 3.701(d)(14). While the timing of an offense may be a valid reason for departure under some circumstances, where the violation of probation is based on that offense, use of timing as a reason for departure on the earlier offense could result in double-dipping and is therefore prohibited by the Lambert decision. See also Ree v. State, — So.2d-14 F.L.W. 565 (Fla. Nov. 16, 1989).
We therefore reverse and remand for resentencing with directions that the court not exceed the maximum sentence allowed with the one-cell increase for violation of probation.
SCHOONOVER, A.C.J., and HALL, J., concur.