557 So.2d 203 (1990)
Louis K. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-43.
District Court of Appeal of Florida, Fifth District.
February 22, 1990.
*204 James B. Gibson, Public Defender and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Fleming Lee, Assistant Atty. Gen., and Robin A. Compton, Certified Legal Intern, Daytona Beach, for appellee.
GOSHORN, Judge.
Louis K. Johnson appeals his sentence imposed following a revocation of probation. Because he was given an illegal sentence, we reverse and remand for resentencing.
In 1985, Johnson plead guilty to shooting into an occupied conveyance and was given a true split sentence of 5 1/2 years in the Department of Corrections with the provision that after serving 2 1/2 years in prison, the balance of his sentence would be suspended and he would be placed on 3 years' probation.
In 1988 Johnson plead no contest to violating his probation. The recommended guideline range was 12 to 30 months in the Department of Corrections or Community Control. The one cell increase, allowed for the violation of probation, placed the recommended range at 2 1/2 to 3 1/2 years' incarceration. The trial court departed without written reasons and recommitted Johnson to 15 years in the Department of Corrections with the provision that he serve 10 years, after which he would be placed on probation for 5 years.
Upon revocation of probation after incarceration pursuant to a true split sentence, the trial court is limited to recommitting a defendant
to any period of time not exceeding the remaining balance of the withheld or suspended portion of the original sentence, provided that the total period of incarceration, including time already served, may not exceed the one-cell upward increase permitted by Florida Rule of Criminal Procedure 3.701(d)14. Any further departure for violation of probation is not allowed. Lambert v. State, 545 So.2d 838, 841-842 (Fla. 1989).
Franklin v. State, 545 So.2d 851, 852 (Fla. 1989). See also Poore v. State, 531 So.2d 161 (Fla. 1988).
Accordingly, this cause is remanded for defendant's recommitment in accordance with Poore and Franklin, supra. Upon recommitting defendant, the court must give Johnson earned gain time when computing his time served to be credited *205 against this recommitment. State v. Green, 547 So.2d 925 (Fla. 1989).[1]
Pursuant to the request of the author of the concurring opinion, we certify the following question to the Supreme Court as being one of great public importance:
WHETHER LAMBERT V. STATE, 545 So.2d 838 (FLA. 1989) OVERRULED STATE V. PENTAUDE, 500 So.2d 526 (FLA. 1987) OR MERELY RECEDED TO THE EXTENT THAT NEW CRIMINAL CONDUCT, WHETHER A CONVICTION IS OBTAINED OR NOT, MAY NOT BE USED FOR DEPARTURE?
REVERSED and REMANDED.
DANIEL, C.J., concurs.
HARRIS, J., concurs specially with opinion.
HARRIS, Judge, concurring specially:
I concur, only because it appears to be mandated by Franklin v. State, 545 So.2d 851 (Fla. 1989). A literal interpretation of Franklin, however, will often, as in this case, lead to an absurd result and totally undermine probation as a supervising tool to be used by the trial court. Surely such was not the intent of the legislature.
In this case appellant pleaded guilty to shooting into an occupied conveyance, a second degree felony. He was sentenced to a 5 1/2 year true split sentence: 2 1/2 years in prison and the remaining three years "stay[ed] and with[held]"[1] pending compliance with the terms of probation. After serving enough time to satisfy the prison requirement, he was released into society. Within about seven months of his release, he was arrested for unlawful possession of cocaine and carrying a concealed weapon. These arrests, which were categorized as failing to "live and remain at liberty without violating any law", were charged along with possession of a firearm, failure to make reports to the probation officer and failure to pay costs of supervision as violations of probation.[2] After spending 92 days in jail (apparently awaiting trial on the cocaine and concealed weapon charges) he pleaded no contest to violation of probation.
Orally stating that the violations were serious and substantial, that the timing of the violations shortly after release from prison indicated the prior short term imprisonment had no deterrent impact, and that his conduct evidenced a "persistent pattern of criminal activity," the judge departed from the guideline range and sentenced defendant to a new split term of 10 years in prison followed by 5 years probation. This was clearly error for two reasons: (1) the judge failed to give written reasons for departure, and (2) this was originally a true split sentence, and there can be no "new sentencing". The judge was limited to recommitting the defendant to serve the balance of the previously imposed sentence.
The problem in this case is that although three years of possible confinement is permitted under the original sentence, Franklin restricts the judge's discretion to one year (less the 92 days appellant has spent in jail awaiting trial on the substantive cases) to "punish"[3] the defendant for violating *206 the terms of probation in such a fundamental way. Here not only did the appellant refuse to report to his probation officer, he violated the condition that he "neither possess, carry or own any weapon or firearm" a short time after release from prison for shooting into an occupied conveyance. He also refused to follow instructions and failed to attend drug treatment. In short, he refused to accept probation and, without the threat of adequate sanctions, it appears he never will.
The judge's oral reasons for departure seem sufficient under State v. Pentaude, 500 So.2d 526 (Fla. 1987):
The trial judge has discretion to so depart based upon the character of the violation, the number of conditions violated, the number of times he has been placed on probation, the length of time he has been on probation before violating the terms and conditions, and any other factor material or relevant to the defendant's character.
Except for Franklin, I would remand to the trial judge to provide written reasons for departure, and if the reasons were sufficient, would permit confinement up to the three years remaining on the original sentence.
Although the Franklin decision, relying on Lambert v. State, 545 So.2d 838 (Fla. 1989), makes it clear that a departure from the guidelines should never be permitted in a violation case, Lambert is not so clear. In Lambert the certified question and the Court's discussion involved whether the trial court could depart from the guideline range in a community control sentence when the violation constituted a substantive crime for which the defendant had not been convicted. The court held that it would be improper to depart on the basis of criminal conduct where no conviction had occurred because of the provisions of Rule 3.701(d)11, Florida Rules of Criminal Procedure. The court also held that it would be improper to depart on the basis of criminal conduct even after conviction because of the problems of the single scoresheet and the addition of status points under legal restraint.[4]
Following the analysis, the court stated:
Accordingly,[5] we hold that factors related to violation of probation or community control cannot be used as grounds for departure. To the extent that this conflicts with our earlier ruling in Pentaude, we recede from our decision there. Lambert, 545 So.2d at 842.
I urge that the logical interpretation of Lambert is that it recedes from Pentaude only to the extent that the trial judge may not depart in a violation case based upon new criminal conduct whether or not there has been a conviction.[6] There is no indication that the Lambert court ever considered the propriety of authorizing departure for noncriminal conduct violations when such authority is necessary to encourage compliance with probation or community control.
*207 In our case the number of violations (twelve alleged), the timing of the violations (seven months after release from prison) and other factors material or relevant to defendant's character (violation of the provision not to carry a firearm while on probation for an offense involving a firearm, and refusing to participate in drug counseling) would seem appropriate for departure under Pentaude.
NOTES
[1] Although the legislature recently amended sections 944.28 and 948.06, Florida Statutes, to add revocation of probation to the list of circumstances justifying forfeiture of gain-time, these amendments did not become effective until September 1, 1990 and thus are inapplicable to this case. See Ch. 89-526, §§ 6, 8, 52, Laws of Florida.
[1] § 948.01(4), Fla. Stat. (1981).
[2] Also included as violations were use of crack cocaine, loitering and prowling, failure to work diligently, three charges of failure to comply with instructions and failure to report for drug counseling.
[3] It is true that violation of probation is not a separate crime in Florida; however, in order to encourage compliance with the terms of probation, proven violations are punished by returning the defendant to prison. When gain time and other incentive release time is factored in, it is apparent that there is no reason for this defendant to comply with the terms of probation. This is evident by the fact that defendants are now asserting the right to be sentenced to the next higher cell to avoid probation. The right to so choose denied defendants by Woods v. State, 542 So.2d 443 (Fla. 5th DCA 1989) and Evans v. State, 544 So.2d 1160 (Fla. 5th DCA 1989) has, in effect, now been granted by the Franklin decision.
[4] Admittedly, the court also discussed the effect of the legislatures' "one cell bump up" authorization in violation cases in order to determine the legislative intent. But the court seemed more concerned with the gross departures mentioned in its opinion than with whether the legislature intended to eliminate any reasonable sanctions to encourage probation. Also, since this discussion went beyond the issue raised by the certified question, it appears to be obiter dictum. The general statement of law that follows the court's discussion is even more surprising when one considers the unanimous holding in Pentaude such a short time earlier:

Finally, we note agreement with the district court's holding that "[w]here a trial judge finds the underlying reasons for violation of probation (as opposed to the mere fact of violation) are more than a minor infraction and are sufficiently egregious, he is entitled to depart from the presumptive guideline range and impose an appropriate sentence within the statutory limit. [emphasis added]
Pentaude at 528.
[5] "Accordingly" indicates that the rule of law about to be announced is based on the analysis that preceeds the statement. Since the certified question did not involve non-criminal conduct violations as grounds for departure, the rule of law announced would seem to apply only to new criminal conduct violations. This would also explain why the court merely receded from Pentaude rather than overturned it.
[6] But see Kramer v. State, 550 So.2d 557 (Fla. 5th DCA 1989) and Branton v. State, 548 So.2d 882 (Fla. 5th DCA 1989).