W. SHARP, Judge,
dissenting.
I would affirm the departure sentences imposed (above the guidelines permitted bump-up) because there were multiple probation violations in this case, and because of the “timing” of Verdell’s new criminal offenses. On November 23, 1988, Verdell was placed on community control for one drug offense, and also on November 23, 1989, he was put on probation for another drug offense. He violated these probations *447 on February 8,1989 and February 14,1989, by committing two more drug offenses. The time between “grace” and commission of new crimes was less than three months. Because the trial judge gave Verdell probationary sentences for the two new crimes, in imposing a departure sentence for the original crimes, no “double dipping” occurred. See Ree v. State, 14 F.L.W. 565 (Fla. November 16, 1989); and Lambert v. State, 545 So.2d 838 (Fla.1989).