585 So.2d 272 (1991)
STATE of Florida, Petitioner,
v.
Louis K. JOHNSON, Respondent.
No. 75729.
Supreme Court of Florida.
August 22, 1991.
*273 Robert A. Butterworth, Atty. Gen., and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for petitioner.
James B. Gibson, Public Defender and Daniel J. Schafer, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for respondent.
PER CURIAM.
This is a petition to review Johnson v. State, 557 So.2d 203 (Fla. 5th DCA 1990), which certified the following question as being one of great public importance:
WHETHER LAMBERT V. STATE, 545 So.2d 838 (FLA. 1989) OVERRULED STATE V. PENTAUDE, 500 So.2d 526 (FLA. 1987) OR MERELY RECEDED TO THE EXTENT THAT NEW CRIMINAL CONDUCT, WHETHER A CONVICTION IS OBTAINED OR NOT, MAY NOT BE USED FOR DEPARTURE?
Id. at 205. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The question concerns the discretionary authority of a trial judge to depart from the sentencing guidelines when a defendant has violated his or her probation. In this instance, Johnson initially pleaded guilty to shooting into an occupied conveyance and was given a true split sentence of five and one-half years with a provision that, after serving two and one-half years, the balance of his sentence would be suspended and he would be placed on three years' probation. Johnson was released from prison after serving 271 days. Seven months later, he was charged with violating his probation for failure to submit monthly reports, possession of a firearm or weapon by a convicted felon, and possession of cocaine. Johnson pleaded no contest to these violations. Johnson was then resentenced because of the violation of probation to fifteen years' incarceration with the provision that, after serving ten years, the remainder would be suspended and he would be placed on probation.
The reasons for the departure, which were not reduced to writing, included that (1) the offenses were serious and egregious; (2) the timing of the violations in relation to his release from prison indicated no deterrent effect on Johnson; and (3) these violations show a continuing and persistent pattern of criminal activity. The district court reversed, stating that the trial court is limited to recommitting this defendant
"to any period of time not exceeding the remaining balance of the withheld or suspended portion of the original sentence, provided that the total period of incarceration, including time already served, may not exceed the one-cell upward increase permitted by Florida Rule of Criminal Procedure 3.701(d)14. Any further departure for violation of probation is not allowed."
Johnson, 557 So.2d at 204 (quoting Franklin v. State, 545 So.2d 851, 852 (Fla. 1989), and citing Poore v. State, 531 So.2d 161 (Fla. 1988)).
In certifying the above question, the district court has given us an opportunity to examine our Lambert, Franklin, and Poore decisions. The state suggests that we limit our Lambert decision to allow a trial court to depart from the permitted range and, if the noncriminal probation violations are not minor and are sufficiently egregious, impose any sentence within the statutory limit. This construction would require us to overrule both Franklin and Poore. We reject this construction. It would be incongruous to permit guideline departures for noncriminal probation violations but prohibit departures for new criminal conduct. We answer the certified question by stating that Lambert fully overruled Pentaude. We approve the decision below.
It is so ordered.
SHAW, C.J., and BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
OVERTON and McDONALD, JJ., concur specially with an opinion.
*274 OVERTON, Justice, specially concurring.
I concur only because I am bound by precedent. In Franklin v. State, 545 So.2d 851 (Fla. 1989), Lambert v. State, 545 So.2d 838 (Fla. 1989), and Poore v. State, 531 So.2d 161 (Fla. 1988), this Court firmly established the legal principles in this area of criminal law. While I prefer the view expressed in State v. Pentaude, 500 So.2d 526 (Fla. 1987), as explained in my dissent in Lambert, that case is no longer the law.
McDONALD, Justice, specially concurring.
This was originally a split sentence. After Johnson served the incarcerative portion of that sentence, was placed on probation for the suspended portion of the sentence, and violated that probation, he then may be required to serve the remainder of his original sentence, but no more. Poore v. State, 531 So.2d 161 (Fla. 1988). Neither Lambert v. State, 545 So.2d 838 (Fla. 1989), nor State v. Pentaude, 500 So.2d 526 (Fla. 1987), is implicated in this instance.