ALTENBERND, Judge.
In the first of these consolidated appeals, No. 89-00777, Mr. Sheffield appeals consecutive sentences, totalling 70 years’ incarceration, imposed on revocation of probation. He was initially sentenced to several concurrent 18-month periods of incarceration, followed by concurrent periods of probation. He violated his probation by selling cocaine within 1000 feet of a school. On sentencing upon violation of probation, the maximum recommended sentence under his guidelines scoresheet for these 1987 offenses, with a one-cell increase, was 3½ years’ incarceration. The trial court attempted this extreme upward departure because of the new substantive offense. In light of Lambert v. State, 545 So.2d 838 (Fla.1989), we reverse the departure sentences and remand for resentencing within the guidelines.
In case No. 89-01198, Mr. Sheffield challenges the trial court’s order finding him in contempt of court during a separate and subsequent sentencing hearing on the offense of selling cocaine within the school zone. During that proceeding, there was some confusion regarding whether Mr. Sheffield’s plea agreement called for sentencing under the guidelines or as a habitual offender. The agreement called for a guidelines sentence. Mr. Sheffield interrupted the proceeding at a point when he thought he was about to be sentenced as a habitual offender. Before he understood that the court would sentence him under the guidelines, he quickly made three non-obscene comments of protest. Without placing Mr. Sheffield under oath or otherwise giving him an opportunity to present evidence of excusing or mitigating circumstances as required by Florida Rule of Criminal Procedure 3.830, the trial court immediately adjudicated him in contempt and sentenced him to six months in the county jail, consecutive to any other sentence. Because the trial court failed to comply with the procedural requirements of rule 3.830, we reverse the criminal contempt order and remand this case to the trial court for .further proceedings.
Reversed and remanded.
SCHEB, Acting C.J., and FRANK, J., concur.