PER CURIAM.
We originally accepted jurisdiction to review Fernandez v. State, 564 So.2d 272 (Fla.2d DCA 1990), upon the assumption that it conflicted with Ree v. State, 565 So.2d 1329 (Fla.1990), modified, State v. Lyles, 576 So.2d 706 (Fla.1991), and Lambert v. State, 545 So.2d 838 (Fla.1989). We have now determined that no conflict exists and that the opinion below is consistent with our decisions in State v. Betancourt, 552 So.2d 1107 (Fla.1989), and Jones v. State, 559 So.2d 204 (Fla.), cert. denied, — U.S. -, 111 S.Ct. 276, 112 L.Ed.2d 232 (1990). Because the defendant is going to be resentenced upon a violation of probation, we call the trial judge’s attention to Williams v. State, 581 So.2d 144 (Fla.1991), and Williams v. State, 594 So.2d 273 (Fla.1992), as well as Lambert, all of which provide guidance for sentencing under such circumstances. We dismiss the petition for review.
It is so ordered.
SHAW, C.J. and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.