PER CURIAM.
 

 In this appeal of his upward departure sentence, Robert Ernest Camilli argues, and the State concedes, that the fifteen-year sentence imposed for his violation of probation is unsupported because the trial court utilized improper factors. We accept the State’s proper concession and agree.
 

 Camilli was originally convicted in 1996 for his 1994 offense of lewd and lascivious act committed in the presence of a minor. Camilli was placed on probation, which he subsequently violated. Upon resentenc-ing, it was determined that the 1994 guidelines applied. After revoking Camilli’s probation, the trial court imposed a fifteen-year upward departure sentence based on two factors-an escalating pattern of conduct that took place during his probation and enticing a minor to participate. Because the first factor did not exist at the time of Camilli’s original sentence, it cannot be used as a basis for a departure sentence imposed upon a violation of probation.
 
 See Lambert v. State,
 
 545 So.2d 838, 842 (Fla.1989). The remaining ground is likewise invalid because, as the State concedes, the original offense did not involve the victim’s participation.
 

 We reverse Camilli’s departure sentence and remand to the trial court for resen-tencing.
 

 REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 ORFINGER, C.J., GRIFFIN and LAWSON, JJ., concur.