495 So.2d 845 (1986)
Jack MIZE, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-2476.
District Court of Appeal of Florida, Third District.
October 7, 1986.
*846 Bennett H. Brummer, Public Defender, Beth C. Weitzner, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Nancy C. Wear, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
In computing the defendant's guidelines score, the trial court, over objection, included points under the "legal status" or "legal constraint" category because, at the time Mize committed the instant offense in Monroe County, he had been granted pretrial custody release on a Dade County felony charge. We agree with Mize that this addition was unauthorized.
Florida Rule of Criminal Procedure 3.701d expressly provides:
6. Legal status at time of offense is defined as follows: Offenders on parole, probation, or community control; in custody serving a sentence; escapees; fugitives who have fled to avoid prosecution or who have failed to appear for a criminal judicial proceeding or who have violated conditions of a supersedeas bond; and offenders in pretrial intervention or diversion programs.
The self-evident fact that this does not include a pretrial release status is confirmed by the Guidelines Commission's comment to the rule which states that "[f]orms of pretrial release (bail) were expressly excluded from this definition." Sentencing Guidelines Commission, Guidelines Manual, Rule 3.701(d)6 comment (1983). Accordingly, the sentence is reversed and the cause remanded for resentencing under the guidelines without including points for the "legal status" factor.
Reversed.