697 So.2d 997 (1997)
Carmine ANNUNZIATA, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2634.
District Court of Appeal of Florida, Fifth District.
August 8, 1997.
James B. Gibson, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Roberta J. Tylke, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, Chief Judge.
Carmine Annunziata appeals his sentences in three cases, arguing that in one case he should not have been assessed four "legal status points" on his sentencing score sheet solely because he had been released on pretrial bond at the time he committed the offense. We agree and reverse.
Annunziata was separately charged in three cases with knowingly uttering or issuing a worthless check, failure to redeliver a hired vehicle, and dealing in stolen property. He pled no contest to the charge in each case. Sentencing was accomplished via three separate score sheets. His point total in the stolen property case was 46, which provided a corresponding sentencing range of 13.3 to 22.7 months. The 46 points included four "legal status points" which were assessed over objection because Annunziata committed the offense while released on pre-trial bond. He was sentenced to 15 months of imprisonment and five years of probation for the stolen property offense, and five years' probation on the remaining offenses. The probationary periods were to be served together.
Paralleling the 1995 amendments to subsection 921.0011(3), Florida Statutes, Florida Rule of Criminal Procedure 3.703 provides in pertinent part:
(16) "Legal status points" are assessed when an offender:
(a) Escapes from incarceration;
(b) Flees to avoid prosecution;

*998 (c) Fails to appear for a criminal proceeding;
(d) Violates any condition of a supersedeas bond;
(e) Is incarcerated;
(f) Is under any form of a pretrial intervention or diversion program; or
(g) Is under any form of court-imposed or post-prison release community supervision and commits an offense that results in conviction....
Fla. R.Crim. P. 3.703(d)(16) (1996). Annunziata argues that none of these categories includes the situation where an offense is committed while the offender is awaiting trial on bond. The state responds that the points were properly added because pre-trial bond amounts to "court-imposed ... community supervision" under 3.703(d)(16)(g).
Prior to the 1994 amendments to the sentencing guidelines, legal status points were not assessed against offenders merely because they were released on bond when they committed their offenses. Browning v. State, 625 So.2d 960, 961 (Fla. 5th DCA 1993); Fox v. State, 608 So.2d 132, 132 (Fla. 3d DCA 1992); Mosley v. State, 543 So.2d 340, 340 (Fla. 1st DCA 1989); Jones v. State, 520 So.2d 672, 673 (Fla. 5th DCA 1988); Mize v. State, 495 So.2d 845, 846 (Fla. 3d DCA 1986). Generally, the definition of "legal status" under construction in those cases read as follows:
Offenders on parole, probation, or community control; offenders in custody serving a sentence; escapees; fugitives who have fled to avoid prosecution or who have failed to appear for a criminal judicial proceeding or who have violated conditions of a supersedeas bond; and offenders in pretrial intervention or diversion programs.
Rule 3.701(d)(6), Fla. R.Crim. P. (1996).
The issue in this case is whether the additional element, "is under any form of courtimposed or post-prison release community supervision," has expanded the rule to encompass pre-trial bond status.
We conclude it does not. To characterize release on the condition of posting a bond as "court-imposed community supervision" unduly stretches these terms. The sentencing guidelines are to be strictly construed in favor of a defendant. § 775.021(1), Fla. Stat.; Flowers v. State, 586 So.2d 1058 (Fla.1991); Williams v. State, 680 So.2d 532, 533-34 (Fla. 1st DCA 1996).
The change in the rule appears to have been intended to restore one of the rule's purposes identified by the supreme court in State v. Young, 561 So.2d 583, 584 (Fla. 1990)  to treat a person more harshly than otherwise for committing a crime while under penalty for a prior crime. This can be seen by examining the recent history of this area. Prior to 1994, offenders with a "legal status" included those on parole, probation, community control, escapees, and others, as explained above. The 1994 amendments to the sentencing guidelines split these categories into separate point assessments for "legal status violations" and "release program violations." The former included:
(a) An escape from incarceration.
(b) Flight to avoid prosecution.
(c) Failure to appear for a criminal proceeding.
(d) Violation of any condition of a supersedeas bond.
§ 921.0011(3), Fla. Stat. (Supp.1994); see also Fla. R.Crim. P. 3.702(d)(9). Release program violations occurred when the offender violated a condition of any of the following programs:
(a) Parole.
(b) Control release, including emergency control release.
(c) Probation.
(d) Community control.
(e) Pretrial intervention or diversion.
(f) Provisional release supervision.
(g) Conditional release supervision.
(h) Supervised community release supervision.
(i) Conditional medical release supervision.
§ 921.0011(6), Fla. Stat. (Supp.1994); see also Fla. R.Crim. P. 3.702(d)(10). In 1995, the legislature expanded the legal status category and no longer referred to violations of conditions, while the release program violation assessment was removed from the sentencing scheme. Added was a "community sanction" assessment, which requires that sentencing points be added when an offender violates a condition of:

*999 (a) Probation.
(b) Community control.
(c) Pretrial intervention or diversion.
§ 921.0011(6), Fla. Stat. (1995); see also Fla. R.Crim. P. 3.703(d)(17). Thus, the current sentencing scheme imposes legal status points if an offense was committed while a person held any status listed in the guidelines and community sanction points when a person is sentenced for violating a condition of one of the enumerated programs. From all this, it appears that the inclusion of "any form of court-imposed or post-prison release community supervision" was legislative shorthand for the multiple post-conviction programs formerly referred to as "release programs." None of these changes indicates that the legislature ever intended to change the result obtained in the many cases where it was held that release on pre-trial bond was not a legal status. It was therefore incorrect for the trial judge in this case to have assessed Annunziata four points under this category.
Because it does not appear beyond reasonable doubt that different sentences would not have been imposed had the correct score and range been presented to the trial court, the lower court should revisit Annunziata's sentences in all three cases.
REVERSED and REMANDED.
HARRIS and PETERSON, JJ., concur.