W. SHARP, J.
Cannon appeals his sentence on the ground that the sentencing score included four points pursuant to section 921.0011(3) because Cannon was out on bond when he committed the theft offense for which he was sentenced. We agree the points should not have been included.
Section 921.0014(l)(b) provides that four points should be added to a sentencing score if at the time an offender commits an offense before the court for sentencing, any form of “legal status” existed, regarding the offender. “Legal status” is defined in section 921.0011(3), inter alia, as an offender who violates any condition of a supersedeas bond;[1] and an offender who is under any form of court-imposed or post-prison release community supervision.[2] The points were assessed because Cannon was out on bond when he committed the theft, for which he was being sentenced. Earlier, he had been arrested for burglary of a dwelling but had not been convicted of that crime at the time he committed the instant offense. After committing the offense involved in this case (third degree grand theft), he pled guilty to both this offense and the prior burglary.
In Annunziata v. State, 697 So.2d 997 (Fla. 5th DCA 1997), this court held that a defendant could not be assessed legal status points for being out on bond when he or she commits a new crime. We concluded that section 921.0011(3)(g) did not expand the rule to encompass an offender’s pre-trial bond status, pointing out that the sentencing guidelines are to be strictly construed in favor of the defendant.
The state argues the sentence was proper because the sentencing judge was not bound by the plea agreement. In any event, the inclusion of the four points was error.
Accordingly, we vacate the sentence and remand for resentencing.
Sentence VACATED; and REMANDED for Resentencing.
PETERSON and ANTOON, JJ., concur.

. § 921.001 l(3)(d), Fla. Stat.

. § 921.001 l(3)(g), Fla. Stat.