782 So.2d 921 (2001)
Kedrick BULL, IV, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3649.
District Court of Appeal of Florida, Second District.
March 23, 2001.
FULMER, Judge.
Kedrick Bull, IV, appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In his motion, Bull alleged he was entitled to be resentenced pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). Bull was originally charged with two counts of committing a lewd and lascivious act upon a child under sixteen years of age which occurred during the Heggs window. The State dropped one count, and in exchange, Bull entered a "straight-up" nolo contendere plea to the court for the remaining count. Bull claims he was then sentenced to 117 months and 24 days in prison under the 1995 guidelines. He now alleges that sentence exceeds the 1994 guidelines.
The trial court denied relief because Bull pleaded "straight-up" to the court with no promise of a sentence within a specific guidelines range. We reverse the trial court's order and remand for further proceedings consistent with this opinion.
A defendant who pleads "straight-up" with no negotiated sentence in place and who is sentenced under the 1995 guidelines may be entitled to relief under Heggs. Trotter v. State, 774 So.2d *922 924 (Fla. 5th DCA 2001). In this case, although the State dropped a charge in exchange for Bull's plea, the State bargained only for the plea, not for a specific sentence. Once Bull pleaded "straight-up," the trial court had the option to impose any guidelines sentence, or to impose an upward or downward departure (provided the court found evidence that supported a valid reason for departure). See State v. Barnes, 753 So.2d 605 (Fla. 2d DCA 2000) (citing Fla. R.Crim. P. 3.701(d)). Furthermore, the State benefitted by no longer bearing the burden of having to prove Bull guilty at a trial. Because the State did not negotiate for the sentence but only the plea, Bull will be entitled to resentencing under Heggs, provided, of course, he can show that he was adversely affected by being sentenced under the 1995 guidelines. See Forshee v. State, 579 So.2d 388 (Fla. 2d DCA 1991) (holding if appellant pleaded guilty without his sentence being part of the plea negotiations, and the court imposed an illegal sentence, that sentence would be reversed on appeal and remanded for imposition of a legal sentence).
We conclude that Bull has stated a facially sufficient claim for Heggs relief. Bull alleged that his sentence of 117 months and 24 days exceeded the 1994 guidelines range of 47.85 to 79.75 months in prison. This allegation, if true, would entitle Bull to resentencing. See Heggs, 759 So.2d at 627. The trial court failed to attach any documents to refute this claim.
Accordingly, we reverse and remand for further proceedings. On remand, the trial court must determine whether Bull's sentence could have been imposed under the 1994 guidelines without a departure. If so, the trial court may again deny relief, but it shall provide record attachments that conclusively refute Bull's claim. If Bull's sentence could not have been imposed absent a departure, he must be resentenced pursuant to the 1994 guidelines. Upon resentencing, if the trial court decides to depart from the sentencing guidelines, any departure must be supported by written reasons existing at the time of the original sentencing. Trotter, 774 So.2d at 925. In no event shall the new sentence exceed the original sentence. Id.
Reversed and remanded.
BLUE, A.C.J., and STRINGER, J., concur.