812 So.2d 518 (2002)
Gena Marie LAWSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-98.
District Court of Appeal of Florida, First District.
March 25, 2002.
Ted A. Stokes, Milton, for Appellant.
Robert A. Butterworth, Attorney General, Alan R. Dakan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Gena Marie Lawson, appeals from an upward departure sentence imposed after her motion to correct her original sentence was granted based on Heggs v. State, 759 So.2d 620 (Fla.2000). She complains that the trial court was precluded from imposing an upward departure sentence, because her original sentence was not a departure; that the judge failed to support the departure sentence with written reasons existing at the time of the original sentencing; and that the aggravating factors assigned as reasons for the departure are not supported in this case. Our standard of review of an appeal such as this is abuse of discretion, and we conclude from our examination of the record that the trial court did not abuse its discretion in entering an upward departure sentence.
We agree with the Fifth District that once a defendant is resentenced pursuant to Heggs, the second sentencing proceeding is de novo. See Trotter v. State, 801 So.2d 1041 (Fla. 5th DCA 2001). Accord Bull v. State, 782 So.2d 921, 922 (Fla. 2d DCA 2001) (stating that if a trial court decides to depart from the sentencing *519 guidelines at a resentencing proceeding under Heggs, the departure must be supported by written reasons existing at the time of the original sentencing). Thus, the trial court had the authority at the de novo sentencing hearing to exercise its discretion in imposing an upward departure sentence, so long as it was not more severe than the original sentence. Bull, Id. And see Rivera v. State, 806 So.2d 631 (Fla. 1st DCA 2002).
Moreover, the three statutory aggravating circumstances provided by the trial judge as reasons justifying the departure were reduced to writing on the sentencing form, which was signed by the judge, as well as in the written order that ruled on the motion to correct. Because all of the court's reasons, which existed at the time of the original sentencing, are supported by competent, substantial evidence, we find no abuse of discretion in the imposition of an upward departure sentence.
AFFIRMED.
ERVIN, BENTON and POLSTON, JJ., concur.