SALCINES, Judge.
Karl I. Nelson appeals the departure sentence imposed by the trial court upon his resentencing under the dictates of Heggs v. State, 759 So.2d 620 (Fla.2000). Nelson also appeals the trial court’s denial of two motions to correct sentencing error filed pursuant to Florida Rule of Criminal Procedure 3.800(b). The trial court’s orders denying the motions to correct sentencing error are affirmed without further discussion. However, because the reason given by the trial court for the imposition of the upward departure sentence was not supported by the record, Nelson’s sentences are reversed.
Nelson was convicted of two counts of manslaughter while under the influence of alcohol, a chemical substance, or a controlled substance (DUI manslaughter); two counts of driving under the influence of alcohol, a chemical substance, or a controlled substance causing serious bodily injury (DUI causing serious bodily injury); and driving while license suspended or revoked. The offenses occurred in December 1995. He was sentenced to two terms of fifteen years’ imprisonment for the DUI manslaughter convictions and to two terms of five, years’ imprisonment for the DUI causing serious bodily injury convictions.[1] The sentences were made to run consecutively for a total of forty years’ imprisonment. This original sentence was not a departure sentence.
In August 2000, Nelson filed a motion to correct illegal sentence based on Heggs. The State conceded that Nelson was entitled to be resentenced under the 1994 guidelines. At the resentencing hearing, the trial court determined that a departure sentence should be imposed and again sentenced Nelson to consecutive sentences for a total of forty years’ imprisonment. The trial court’s written reason for departure was that Nelson “is not amenable to rehabilitation or supervision, as evidenced by an escalating pattern of criminal conduct as described in s. 921.001(8).”
A Heggs resentencing entitled Nelson to a de novo sentencing hearing. See Trotter v. State, 825 So.2d 362, 367-68 (Fla.2002). Upon resentencing, the trial court had discretion to impose an upward departure sentence that did not exceed the original sentence. See Bull v. State, 782 So.2d 921, 922 (Fla. 2d DCA 2001). However, any departure must have been supported by written reasons existing at the time of the original sentencing. See id.
In this appeal, Nelson argues the reason given for his departure sentence was inappropriate because his prior record did not constitute an escalating pattern of criminal conduct. Such a pattern would be demonstrated by (1) a progression from nonviolent to violent crimes, (2) a progression of increasingly violent crimes, or (3) a pattern of increasingly serious criminal ac *59 tivity. See Ewell v. State, 852 So.2d 436, 437 (Fla. 5th DCA 2003).
The State forthrightly concedes that the evidence presented to the trial court did not support the trial court’s reason for imposing the departure sentence. We agree. The trial court abused'its discretion, and Nelson’s sentences must be reversed.
We note that at the resentencing hearing there was confusion as to whether Nelson’s prior record involved a conviction for sale of cocaine or a conviction for “solicitation to purchase cocaine.” The State had a “printout” of Nelson’s prior record but did not have official documentation to confirm that the prior conviction in question was for sale of cocaine. On remand, at the resentencing hearing, the State shall have all documentation necessary to evidence Nelson’s prior record.
Nelson’s sentences are reversed. This case is remanded for the imposition of sentences which are within the appropriate guidelines range in accordance with the dictates of this opinion.
Affirmed in part, reversed in part, and remanded with directions.
KELLY and WALLACE, JJ., concur.

. The information indicates that the driving while license suspended or revoked charge was a first-degree misdemeanor. § 322.34(l)(b), (2)(a), Fla. Stat. (1995). The record before this court does not indicate the term of the sentence originally imposed for that offense. Upon resentencing, the trial court imposed a sentence of time served.