CASANUEVA, Judge.
Ronald Lee Powanda appeals his upward departure sentence of thirty years’ incarceration imposed after he admitted violating the terms of his probation. He argues that there was insufficient evidence to support the departure. The State concedes error and recommends reversal. We agree and reverse and remand for resentencing.

Procedural History

For a criminal act which occurred on April 5, 1998, the State charged Mr. Po-wanda with the first-degree felony of sexual conduct with a child twelve years of age or older, but less than eighteen years of age, over whom he was in a position of familial or custodial authority. See § 794011(8)(b), Fla. Stat. (1997). Under the sentencing guidelines, Mr. Powanda’s scoresheet reflected a permissible sentencing range of 112.5 to 187.5 months’ incarceration. On December 10, 1999, Mr. Po-wanda pleaded guilty in exchange for a sentence of ten years’ incarceration to be followed by seven years’ probation.
In 2008, Mr. Powanda admitted violating multiple terms of his probation following his release from prison. His scoresheet at the time of his violation of probation hearing revealed a permissible sentencing range of 117 to 195 months’ incarceration. The State sought an upward departure sentence' of thirty years’ incarceration, alleging two aggravating circumstances: the “[v]ictim [was] especially vulnerable due to age or physical or mental disability,” and the “[defendant [was] not amenable to rehabilitation or supervision, as evidenced by an escalating pattern of criminal conduct as described in s. 921.001(8).” Fla. R. Crim. P. 3.991 (2008). The trial court imposed the requested sentence, finding that both aggravating circumstances supported the upward departure. Mr. Powan-da filed a notice of appeal and subsequent *1232 ly a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b). The trial court denied the motion.

Analysis

Mr. Powanda argues that that there was insufficient evidence to support the trial court’s findings on either applicable aggravating circumstance. The State concedes error as to both aggravating circumstances and recommends reversal and remand for the imposition of a guideline sentence.
“The level of proof necessary to establish facts that support a departure from the sentencing guidelines is a preponderance of the evidence.” § 921.001(4)(a)(6), Fla. Stat. (2007). “This aspect of the [trial] court’s decision to depart is a mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if competent substantial evidence supports its ruling.” Banks v. State, 732 So.2d 1065, 1067 (Fla.1999).
First, the trial court found that “[t]he victim was especially vulnerable due to age or physical or mental disability.” However, neither party presented any evidence about the victim’s vulnerability at either Mr. Powanda’s violation of probation hearing or at his 1999 plea hearing. Second, the trial court found that there was an escalating pattern of criminal conduct because Mr. Powanda’s scoresheet demonstrated he had two prior offenses of attempted burglary and trafficking in stolen property, third- and second-degree felonies, respectively. However, in State v. Darrisaw, 660 So.2d 269, 271 (Fla.1995), the supreme court required competent, substantial evidence to establish both a pattern of criminal conduct and the escalation of that conduct to satisfy this particular aggravating circumstance under rule 3.991. Here, it appears that Mr. Po-wanda’s felony offenses met the definition of “escalating” because they increased in degree. See Darrisaw, 660 So.2d at 271. However, the State presented no record evidence of any pattern. See id. (holding that the pattern requirement could be satisfied “either where the offenses are committed in temporal proximity or where there is a similarity of offenses”); see also Harvey v. State, 954 So.2d 101, 103 (Fla. 2d DCA 2007) (applying the Darrisaw test and vacating the defendant’s sentence because “[t]he State’s proof failed to establish a pattern of escalating criminal conduct, and the trial court abused its discretion in so finding”). Consequently, neither aggravating circumstance was supported by competent, substantial evidence.

Conclusion

Due to the lack of any evidence supporting the trial court’s findings, we reverse Mr. Powanda’s upward departure sentence. On remand, the trial court shall impose a sentence that falls within the permissible guideline range.
Reversed and remanded.
KELLY and CRENSHAW, JJ., Concur.