BENTON, J.
 

 Michael Timothy Shores appeals the upward departure sentence imposed upon re-sentencing below. Because the trial court identified no valid basis for departure, we reverse and remand for resentencing within the guidelines range. Contending the written reasons for departure — that he violated his probation by engaging in conduct similar to the original offense and had been designated as a sexual predator as a result of the original offense — were invalid grounds for departure, Mr. Shores also appeals the summary denial of his postcon-viction claim that counsel was ineffective for failing to present mitigation evidence at sentencing. Our reversal for resentenc-ing renders the ineffective assistance of counsel claim moot.
 

 Background
 

 Mr. Shores pleaded guilty to sexual activity on December 1, 1997, as a person 24
 
 *699
 
 years of age or older, with a 17-year-old. He was sentenced to four years in prison followed by five years on probation. As a condition of probation, he was “prohibited from any unsupervised contact with a child under the age of 18, unless authorized by the sentencing court, without another adult present who is responsible for the child[’]s welfare and who has been advised of the crime.” At his probation revocation hearing, he admitted he contacted a 15-year-old, indirectly through a third-party (via mail) and directly with e-mails, telephone calls and letters. After his probation was revoked for having had unsupervised contact with a child under the age of 18, he was resentenced to 15 years in prison.
 

 Alleging this resentencing was predicated upon an improperly-calculated score-sheet, he filed a motion for postconviction relief. In response to the motion, the trial court granted an evidentiary hearing (without objection) to determine whether the original scoresheet correctly identified a sentencing guidelines range of 128.9 months (10.74 years) to 214.8 months (17.9 years). At the hearing, the parties agreed the proper sentencing guidelines range was 84.6 months (7.05 years) to 141.1 months (11.76 years). A corrected score-sheet notwithstanding, the trial court again resentenced him to 15 years’ imprisonment, departing upward from the guidelines, giving two reasons: (1) he violated his probation by engaging in conduct similar to the original offense, and (2) he had been designated a sexual predator on account of the original offense.
 

 Upward Departures Under Section 921.001(6)
 

 On direct appeal, we review the imposition of an upward departure sentence for an abuse of discretion.
 
 See Lawson v. State,
 
 812 So.2d 518, 518 (Fla. 1st DCA 2002). When applicable,
 
 [1]
 
 section 921.001(6), Florida Statutes (2007), affords discretion to trial courts to impose a departure sentence if at least one reason justifying departure is set forth in writing at the time of sentencing:
 

 A court may impose a departure sentence outside the sentencing guidelines based upon circumstances or factors which reasonably justify the aggravation or mitigation of the sentence in accordance with s. 921.0016. The level of proof necessary to establish facts supporting a departure from a sentence under the guidelines is a preponderance of the evidence. When multiple reasons exist to support a departure from a guidelines sentence, the departure shall be upheld when at least one circumstance or factor justifies the departure regardless of the presence of other circumstances or factors found not to justify departure. Any sentence imposed outside the range recommended by the guidelines must be explained in writing by the trial court judge.
 

 The State and Mr. Shores agree that none of the factors specified in section 921.0016 apply to the case at bar. But, as they also agree, section 921.0016’s list of factors is not exhaustive. § 921.0016(2), Fla. Stat. (2007) (“Aggravating and mitigating factors to be considered include, but are not limited to, those listed in subsections (3) and (4).”).
 

 The trial court’s first stated reason for departure was that the conduct that led to revocation of Mr. Shores’ probation closely resembled the offense of which he had originally been convicted.
 
 *700
 
 The supreme court has, indeed, held that sentencing for a criminal offense that is part of a pattern of criminal behavior
 
 [2]
 
 may warrant an upward departure:
 

 In
 
 Keys v. State,
 
 500 So.2d 134 (Fla.1986), we recently rejected the argument that a trial judge’s consideration of a defendant’s “escalating course of criminal conduct” was nothing more than consideration of a defendant’s prior criminal history contrary to
 
 Hendrix. Hendrix
 
 precludes reliance upon only those aspects of a defendant’s prior criminal record which have been factored in for scoring purposes.
 
 See Hendrix,
 
 475 So.2d at 1220. Neither the continuing and persistent pattern of criminal activity nor the timing of each offense in relation to prior offenses and release from incarceration or supervision are aspects of a defendant’s prior criminal history which are factored in to arrive at a presumptive guidelines sentence. Therefore, there is no prohibition against basing a departure sentence on such factors.
 

 Williams v. State,
 
 504 So.2d 392, 393 (Fla.1987). There, is, however, a prohibition against basing a departure sentence on conduct occurring after a criminal offense, when resentencing for the offense after a probation violation.
 
 See Lambert v. State,
 
 545 So.2d 838, 842 (Fla.1989) (“[W]e hold that factors related to violation of probation or community control cannot be used as grounds for departure.”).
 

 Our supreme court has held that even recurrent criminal conduct — absent temporal proximity or escalation
 
 [3]
 
 — does not justify upward departure.
 
 See Barfield v. State,
 
 594 So.2d 259, 261 (Fla.1992). In the present case, the trial judge found neither temporal proximity nor any pattern of criminal activity: The conduct to which Mr. Shores admitted at the revocation hearing cannot be deemed a crime. Sexual activity with a 17-year-old, by a person 24 years of age or older, was a second-degree felony.
 
 See
 
 § 794.05(1), Fla. Stat. (1997). But his subsequent, unsupervised contact with a 15-year-old, while grounds for revocation of Mr.
 
 *701
 
 Shores’ probation — he does not argue otherwise — did not provide a basis for upward departure.
 

 The trial court also justified upward departure by reference to Mr. Shores’ sexual predator designation. This, too, was improper. The Florida Sexual Predators Act denominates sexual predator designation as merely the recognition of a “status” flowing from, in this case, the original conviction:
 

 It is the purpose of the Legislature that, upon the court’s written finding that an offender is a sexual predator, in order to protect the public, it is necessary that the sexual predator be registered with the department and that members of the community and the public be notified of the sexual predator’s presence. The designation of a person as a sexual predator is neither a sentence nor a punishment but simply a status resulting from the conviction of certain crimes.
 

 § 775.21(3)(d), Fla. Stat. (2007). The state’s brief seems to concede, by implication, the inadequacy of this ground in arguing that
 
 “at least one
 
 of the reasons relied upon by the trial court in imposing an upward departure sentence is supported by the record” (emphasis added) and focusing exclusively on the first ground for departure, discussed above. Sexual predator designation is an invalid ground for upward departure.
 

 Because the trial court failed to articulate a valid reason for upward departure, we reverse and remand for resentencing, after a new sentencing hearing, within the guidelines range.
 

 Reversed and remanded.
 

 KAHN and VAN NORTWICK, JJ., concur.
 

 [1]
 

 . This provision does not apply to offenses that were committed after October 1, 1998, the effective date of the Criminal Punishment Code.
 
 See
 
 § 921.002(l)(g), Fla. Stat. (effective Oct. 1, 1998); Ch. 98-204, § 2, at 1935, Laws of Fla. But because Mr. Shores’ offense was committed on December 1, 1997, section 921.001(6) does apply to the present case.
 

 [2]
 

 . Our supreme court said in
 
 Gibson v. State,
 
 553 So.2d 701, 701 (Fla.1989), that repetitive criminal conduct "may, under appropriate circumstances, be an appropriate reason to depart,” but that a hiatus between repeat offenses of “fourteen months is too long a period to permit departure on this basis.” We have ourselves said that an escalating pattern of criminal activity and a continuing, persistent pattern of criminal behavior are valid grounds for departure in imposing the original sentence.
 
 See Silveira v. State,
 
 525 So.2d 429, 431 (Fla. 1st DCA 1988).
 

 But the supreme court has since held that "[wjhile an offense committed soon after release from incarceration or supervision may show a disregard for the law and justify a judge’s displeasure and desire for a departure sentence, such a persistent but nonescalating pattern of criminal activity is not a sufficient reason to depart from the guidelines.”
 
 Barfield v. State,
 
 594 So.2d 259, 261 (Fla.1992) (citing
 
 Smith v. State,
 
 579 So.2d 75 (Fla.1991)). Moreover, "temporal proximity alone does not constitute a clear and convincing reason to depart from the guidelines.”
 
 Id.
 

 [3]
 

 . In
 
 Barfield v. State,
 
 the supreme court limited the ways in which the state could show an "escalating pattern” of criminal behavior:
 

 [TJhe "escalating pattern” recognized by section 921.001(8) as a valid basis for departure can be demonstra!ed in three ways: 1) a progression from nonviolent to violent crimes; 2) a progression of increasingly violent crimes; or 3) a pattern of increasingly serious criminal activity. Under this third category, "increasingly serious criminal activity” is indicated when the current charge involves an increase in either the degree of crime or the sentence which may be imposed, when compared with the defendant’s previous offenses.
 

 594 So.2d 259, 261 (Fla.1992). Mere contact with a 15-year-old is neither a "violent crime[l”
 
 id.,
 
 nor "serious criminal activity,”
 
 id.,
 
 and indeed no crime at all.