STEVENSON, J.
Defendant appeals an upward departure sentence imposed after revocation of his probation. Because the trial court relied on factors not present at the time Defendant was originally sentenced, we reverse and remand for sentencing within the guidelines.
In 1993, Defendant pled guilty to trafficking in cocaine and conspiracy to traffic cocaine. These crimes occurred in 1989. Defendant was sentenced to concurrent terms of ten years probation. After absconding for a period of time, Defendant was charged in 2009 for multiple violations of the terms of his probation. The charging affidavit alleged, in part, that Defendant had committed new criminal offenses. Defendant had not been convicted of any of the alleged crimes.
At the subsequent violation of probation hearing, the State presented evidence of Defendant’s alleged involvement in a scheme to defraud elderly citizens, committed during his term of probation. No evidence was presented on the underlying trafficking offenses, other than preparation of the sentencing guidelines scoresheet. The scoresheet indicated a permitted sentence of four-and-a-half to nine years. However, the State argued that an upward departure was appropriate because the victims of the new criminal offenses were especially vulnerable due to their age and that the new criminal offenses displayed an escalating pattern of criminal activity.
The trial court sentenced Defendant to an upward departure from the guidelines of two concurrent terms of twenty-five *1139 years. The trial court found that Defendant’s behavior in violating probation was egregious, due to the nature of the offenses and the fact that the victims were elderly citizens. The trial court also found that the guidelines did not address the nature of Defendant’s behavior in violating probation and that the underlying offenses committed by Defendant were “serious, aggravated ... for which his sentence was one of compelling leniency.”
A trial court’s decision to depart from the sentencing guidelines presents a mixed question of law and fact. See Powanda v. State, 8 So.3d 1280, 1232 (Fla. 2d DCA 2009). An upward departure will be upheld if the trial court applied the correct legal standard, and if the ruling is supported by competent, substantial evidence. See id. In revoking probation, the trial court may “impose any sentence which it might have originally imposed before placing the probationer or offender on probation.” § 948.06(2)(e), Fla. Stat. (1989). The departure must be supported by a preponderance of the evidence and “shall be upheld when at least one circumstance or factor justifies the departure regardless of the presence of other circumstances or factors found not to justify departure.” § 921.001(5), Fla. Stat. (1989). However, “factors related to violation of probation or community control cannot be used as grounds for departure.” Lambert v. State, 545 So.2d 838, 842 (Fla.1989).
The trial court impermissibly relied upon facts not present at the time Defendant was originally sentenced. Most of the trial court’s findings related to Defendant committing the alleged fraud-related crimes. To base an upward departure on factors relating to the violation of probation violates Lambert. The one finding made on the underlying offenses, i.e., that the offenses were serious and aggravated for which leniency was given, was not supported by evidence presented at the violation of probation hearing, as all of the evidence focused on Defendant’s alleged new criminal offenses. Because the trial court’s reasons for departing from the guidelines were invalid, the trial court may not, on remand, give new reasons for a departure. See Shull v. Dugger, 515 So.2d 748, 750 (Fla.1987). Thus, we reverse and remand for sentencing within the guidelines.

Reversed and remanded.

WARNER and POLEN, JJ., concur.