MORRIS, Judge.
William Morrison appeals the revocation of his probation and resulting sentence for two counts of lewd and lascivious conduct on a child under sixteen. We affirm the revocation of his probation without discussion. However, because the trial court imposed upward departure sentences without legal justification and improperly added legal status points, we reverse and remand for resentencing.
I. Background
The underlying crimes occurred between March 1 and March 28, 1995, and again on August 21, 1997. Morrison pleaded guilty and was sentenced to two 93.6-month prison terms followed by five years’ probation. In September 2007, affidavits of violation of probation were filed alleging that Morrison had unsupervised contact with children and committed a new law violation. However, at the violation of probation (VOP) hearing, the trial court determined that the State failed to prove the new law violation and Morrison’s probation was revoked solely on the basis of his unsupervised contact with children. For both counts, the trial court imposed consecutive upward departure sentences of fifteen years in prison.
Morrison filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) wherein he challenged the upward departure sentences as well as the inclusion of legal status points on his scoresheet, but that motion was denied. We conclude, however, that Morrison is entitled to relief.
II. Analysis
“ ‘The level of proof necessary to establish facts that support a departure from the sentencing guidelines is a preponderance of the evidence.’” Powanda v. State, 8 So.3d 1230, 1232 (Fla. 2d DCA 2009) (quoting § 921.001(4)(a)(6), Fla. Stat. (2007)). “‘This aspect of the [trial] court’s decision to depart is a mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if competent[,] substantial evidence supports its rulings.’” Id. (first alteration in original) (quoting Banks v. State, 732 So.2d 1065, 1067 (Fla.1999)); see also § 921.001(6), Fla. Stats. (1995) & (1997) (providing that departure sentence shall be upheld when at least one factor justifies departure regardless of whether other factors do not justify departure).
A. Vulnerability of the victim
The first factor cited by the trial court to justify an upward departure was the vulnerability of the victims in the underlying cases. Section 921.0016(3)(j) permits an upward departure if this factor is proven. However, the State failed to offer proof of this factor at the VOP hearing. *311 Because no such proof was adduced at the VOP hearing, we sought the transcripts of the plea hearings in the 1995 and 1997 cases to see if the State proved that factor during those proceedings. See Powanda, 8 So.3d at 1232 (noting lack of proof regarding victim’s vulnerability at the VOP hearing, as well as at the plea hearing on the underlying charge). After receiving notice from the clerk of the circuit court that the transcripts have been destroyed, we relinquished jurisdiction pursuant to Florida Rule of Appellate Procedure 9.200(b)(4) and (f)(2) so that Morrison could prepare a statement of the evidence or proceedings. Morrison submitted a statement of the facts to the trial court, and because the State filed no objection and no response, the trial court approved the statement as submitted. Attached to the statement of the facts was an affidavit wherein Morrison stated that the two plea hearings were brief and without testimony.
In Powanda, the appellant’s underlying charge was sexual contact with a child twelve years of age or older, but less than eighteen years of age. We reversed Po-wanda’s upward departure sentence because “neither party presented any evidence about the victim’s vulnerability at either Mr. Powanda’s violation of probation hearing or at his 1999 plea hearing.” 8 So.3d at 1232. In so holding, we made it clear that the vulnerability of the victim may not be implied solely based on the State’s decision to charge the defendant with a crime wherein the victim’s age is an element of the crime. , Rather, there must be independent proof. See id.
Accordingly, because there is nothing in the record indicating that the vulnerability of the victim was presented at either the VOP hearing or the plea hearings, Powanda dictates that this factor cannot support an upward departure.
B. Amenability to rehabilitation or supervision
The 1995 and 1997 versions of section 921.0016(3)(p) allow a trial court to impose an upward departure if there is proof that a defendant is not amenable to rehabilitation or supervision as evidenced by--an escalating pattern of criminal conduct. The trial court determined this factor was met because Morrison “continued to have improper contact with children following his release on probation.”
 This was improper. “[FJactors related to violation of probation ... cannot be used as grounds for departure.” Lambert v. State, 545 So.2d 838, 842 (Fla.1989); see also Lambe v. State, 53 So.3d 1137, 1139 (Fla. 4th DCA 2011); Shores v. State, 15 So.3d 697, 700 (Fla. 1st DCA 2009) (“There[] is .... a prohibition against basing a departure sentence on conduct occurring after a criminal offense, when resentencing for the offense after a probation violation.” (citing Lambert, 545 So.2d at 842)). And “even recurrent criminal conduct — absent temporal proximity or escalation — does not justify upward departure.” Shores, 15 So.3d at 700 (footnote omitted) (citing Barfield v. State, 594 So.2d 259, 261 (Fla.1992)).
The State concedes that there was no escalation in Morrison’s conduct. And, even as questionable as Morrison’s unsupervised contact with children might be, it was not a crime and could not provide the basis for an upward departure. See Lambert, 545 So.2d at 842; Lambe, 53 So.3d at 1139; Shores, 15 So.3d at 700-01. The trial court erred by relying on this factor.
C. Insidious nature of the violation
This factor was one created by the trial court based on its determination that the departure criteria set forth, in section 921.0016(3) was not intended to be exclu *312 sive.[1] The trial court held that a departure was justified here because although
the fact that the sentence results from a violation of probation is already accounted for by the inclusion of scoresheet points for “under restriction,” this fails to take into account the particularly insidious nature of the VOP, specifically that the Defendant again targeted an especially vulnerable victim under circumstances suggesting an escalation of contact beginning with mere association to the child and escalating to improper e-mails, calls, and physical contact including kissing the child while at least partially secreted in a wood shop.
But as we have noted, the State concedes that there was no proof of an escalation in Morrison’s conduct. Typically, escalation is proven where there is “a progression from nonviolent to violent crimes, a progression of increasingly violent crimes, or a pattern of increasingly serious criminal activity.” § 921.001(8). Morrison’s conduct does not fall within any of those definitions. It is clear to this court then that the trial court was penalizing Morrison for his pattern of conduct which occurred after the criminal offense. This was improper. See Lambert, 545 So.2d at 842; Lambe, 53 So.3d at 1139; Shores, 15 So.3d at 700-01.
D. Commission of 1997 offense while on pretrial release for 1995 offense
As the last stated reason for departure, the trial court found that an upward departure was appropriate because Morrison committed the 1997 offense while he was on pretrial release for the 1995 offense. The trial court found that this fact was “further proof that Defendant cannot control his behavior and is hot amenable to rehabilitation.” The trial court noted that it did not make an oral pronouncement of this factor because it had been unaware of the pretrial release issue at the time of the VOP hearing. The State concedes error on the application of this factor, and we agree.
The fact that Morrison committed a new crime in close temporal proximity to the first crime is not enough—by itself—to justify a departure. See Barfield, 594 So.2d at 261. There must be an escalation of conduct which is not present in this case. Consequently, the trial court erred by using this factor to justify an upward departure.
E. Application of legal status points
Morrison also challenges the application of legal status points on his score-sheet, arguing that his commission of the 1997 offense while on pretrial release for the 1995 offense does not qualify for purposes of the inclusion of legal status points.
“Legal status points are assessed at the time of sentencing if, at the time of the commission of the offense(s) for which [the defendant] is being sentenced, the defendant was under any form of legal status.” Lockhart v. State, 980 So.2d 613, 615 (Fla. 4th DCA 2008) (citing § 921.0024(1)(b), Fla. Stat. (2006); Fla. R. Crim. P. 3.704(d)(15)). However, section 921.0011(3), which defines legal status, does not reference pretrial release. And other courts from this state have held that legal status points should not be applied in such a situation. See Annunziata v. State, 697 So.2d 997, 998-99 (Fla. 5th DCA 1997) (noting that none of the legislative changes to section 921.0011(6) “indicates that the legislature ever intended to change the result obtained in the many cases where it was held that release on pre-trial [sic] *313 bond was not a legal status”); Mize v. State, 495 So.2d 845, 846 (Fla. 3d DCA 1986) (noting that Florida Rule of Criminal Procedure 3.701(d)(6) did not define legal status to include a situation where the defendant was on pretrial release). We agree with the Third and Fifth District Courts of Appeal, and we therefore hold that the commission of a crime while on pretrial release does not qualify a defendant for the inclusion of legal status points on a scoresheet.[2] The trial court erred by applying these points to Morrison’s score-sheet.
III. Conclusion
We affirm the revocation of Morrison’s probation. But because there was insufficient evidence to support any of the factors relied on by the trial court in imposing upward departure sentences and because the legal status points were improperly imposed, we reverse the upward departure sentences and we remand for resentencing within the permissible guidelines range and for removal of the legal status points.
Affirmed in part, reversed in part, and remanded.
WALLACE and BLACK, JJ„ Concur.

. The trial court was correct that the list of departure criteria set forth in sections 921.0016(3) and (4) is not intended to be exclusive.

. We briefly note that at sentencing, defense counsel agreed with the trial court that the Department of Corrections’ sentencing guidelines manual indicated that the legal status points should be imposed. However, when reviewing the entire context of the discussion between the trial court and defense counsel, it becomes clear that they were discussing the commission of a new crime while a defendant was on probation. That is not how the legal status points were applied here. That discussion then cannot be viewed as a concession by defense counsel regarding the application of legal status points to the particular facts of this case.