VILLANTI, Judge.
Ruben Adorno, Jr., seeks review of the sentence imposed after the revocation of his probation. The narrow substantive issue framed by the parties’ briefs is whether the evidence presented at the sentenc *851 ing hearing was sufficient to support an upward departure sentence based on the statutory aggravator that “[t]he victim was especially vulnerable due to age or physical or mental disability.” See § 921.0016(8)0'), Fla. Stat. (1995).[1] Because the State failed to offer legally sufficient evidence to support this ground for departure, we reverse Adorno’s sentence and remand for resentencing within the guidelines.
Adorno pleaded guilty in 1996 to one count of attempted sexual battery on a child under the age of twelve based on events that occurred between October 10, 1994, and October 31, 1995. He was originally sentenced to 162 months in prison followed by ten years’ probation. At the time of Adorno’s sentencing, the recommended sentence under the guidelines was 129.4 months, and the permitted sentencing range was 97 months to 162 months. Under the sentencing statutes in effect at the time, any sentence greater than the top of the permitted guidelines range was considered an upward departure sentence. See § 921.0016(l)(c), Fla. Stat. (1995).
Adorno was released to probation in late 2004. On November 21, 2009, he was arrested for shoplifting, which prompted the Department of Corrections to file an affidavit of violation of probation based on this alleged new law violation. Adorno subsequently admitted the violation. Concerning his sentence, Adorno argued that since he had already served 160 months — almost the entire maximum sentence under the applicable guidelines — his probation should simply be terminated.
In response, the State requested an upward departure sentence of twenty-five years in prison with no credit for time served. The prosecutor argued that an upward departure sentence was warranted under section 921.0016(3)(j), which allows for an upward departure sentence when the victim is “especially vulnerable due to age or physical or mental disability.” In support of its request, the prosecutor represented to the court that “[t]he victim at the time was eight years old.” However, other than this bare assertion concerning the victim’s age, the State offered no evidence of any particular vulnerability on the part of the victim. Nevertheless, based on the prosecutor’s representation, the trial court sentenced Adorno to an upward departure sentence of 240 months in prison with credit for the 160 months he had already served.
In this appeal, Adorno contends that his upward departure sentence is improper because it is based on grounds not supported by evidence admitted at the sentencing hearing.[2] On these facts, we must *852 agree. This court recently addressed this identical issue in Powanda v. State, 8 So.3d 1230 (Fla. 2d DCA 2009). There, Powanda was convicted of sexual conduct with a child older than twelve but less than eighteen. Id. at 1231. He was sentenced to ten years in prison followed by seven years’ probation. Id. Powanda subsequently admitted to violating his probation, and the State sought an upward departure sentence based in part on the alleged vulnerability of the victim due to age. Id. The trial court imposed the requested sentence, but this court reversed.
In doing so, we noted that “ ‘[t]he level of proof necessary to establish facts that support a departure from the sentencing guidelines is a preponderance of the evidence.’ ” Id. at 1232 (quoting § 921.001(4)(a)(6), Fla. Stat. (2007)). However, the record showed that neither the State nor Powanda had presented “any evidence about the victim’s vulnerability” at either the violation of probation hearing or the original plea hearing. Id. (emphasis added). Therefore, since no evidence was presented to establish that the victim was “especially vulnerable,” the upward departure sentence premised on that statutory aggravator was improper. Id.
Even more recently, in Morrison v. State, 59 So.3d 308 (Fla. 2d DCA 2011), this court again reversed an upward departure sentence premised on the alleged vulnerability of the victim due to age. In that case, Morrison was convicted of lewd and lascivious conduct on a child under sixteen. Id. at 310. Morrison’s probation was subsequently revoked, and the State sought an upward departure sentence on the basis of the victim’s alleged vulnerability. Id. While the trial court imposed the upward departure sentence, this court reversed. Id. In doing so, we noted that “the vulnerability of the victim may not be implied solely based on the State’s decision to charge the defendant with a crime wherein the victim’s age is an element of the crime. Rather, there must be independent proof.” Id. at 311. This analysis recognizes that since age, in and of itself, has already been factored into the presumptive sentence for these offenses and since a departure sentence cannot be based on factors already accounted for by the guidelines, see Hendrix v. State, 475 So.2d 1218, 1220 (Fla.1985), the State must prove some particular vulnerability arising out of the victim’s age — not just age itself.
Here, as in Powanda and Morrison, the State offered no evidence that Adorno’s victim was “especially vulnerable due to age.” Nor does the State contend that it established the victim’s particular vulnerability at any prior hearing. Instead, the State’s sole proffered support for an upward departure under this aggravator was the prosecutor’s unsupported assertion that “[t]he victim at the time was eight years old.” Even assuming that this representation by the prosecutor could be considered evidence,[3] that “evidence” is insufficient to prove that the victim was “especially vulnerable” because vulnerability cannot be implied solely based on age. Instead, as we stated in Morrison, the State was required to offer proof of vulnerability independent of age, which it failed to do. Therefore, based upon controlling case law, the upward departure sentence imposed on Adorno cannot stand, and we remand this case to the trial court with directions to resentence him within the guidelines. See Shull v. Dugger, 515 So.2d *853 748, 749 (Fla.1987) (noting that “when all of the reasons stated by the trial court in support of departure are found invalid, resentencing following remand must be within the presumptive guidelines sentence”).
Reversed and remanded for resentenc-ing.
NORTHCUTT and KHOUZAM, JJ., Concur.

. In the trial court, the State advanced two other grounds that it asserted would support an upward departure sentence — -an escalating pattern of criminal conduct pursuant to section 921.0016(3)(p) and a substantial risk of great bodily harm to one or more small children pursuant to section 921.0016(3)(i). In this appeal, the State has conceded that it failed to sufficiently prove these other two grounds for departure. Therefore, we need not address these grounds except to note that we agree with the State’s concession.

. Adorno preserved this issue for review by filing a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). See Morrison v. State, 59 So.3d 308, 310 (Fla. 2d DCA 2011) (noting that the defendant preserved the issue of an improper upward departure sentence by filing a rule 3.800(b)(2) motion); Powanda v. State, 8 So.3d 1230, 1231-32 (Fla. 2d DCA 2009) (same); see also Jackson v. State, 983 So.2d 562, 572 (Fla.2008) (specifically stating that the improper imposition of a departure sentence is a "sentencing error” that can be addressed under rule 3.800(b)(2)). This is true even though a defendant may have had an opportunity to object during the sentencing hearing. Jackson, 983 So.2d at 574 (noting that rule 3.800(b)(2) "is not limited to *852 errors ... to which the defendant had no opportunity to object”).

. We note that unsworn representations of counsel do not constitute evidence. See, e.g., Neal v. State, 697 So.2d 903, 905 (Fla. 2d DCA 1997).