787 So.2d 74 (2001)
Melissa Lynn ARMSTRONG, Appellant,
v.
STATE of Florida, Appellee.
Nos. 2D00-3639, 2D00-5041.
District Court of Appeal of Florida, Second District.
March 7, 2001.
*75 PER CURIAM.
Melissa Lynn Armstrong appeals the summary denial of her motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) to correct her sentence in case number CF97-00506B-XX. She has also appealed her amended judgment and sentence entered on a separate conviction in case number CF96-00441A-XX. Because these appeals are interrelated, we consolidate case numbers 2D00-3639 and 2D00-5041, reverse the order of the trial court in case number 2D00-3639, and vacate the amended sentence in case number 2D00-5041.
When Armstrong was originally sentenced in these cases, she was sentenced for multiple offenses on one scoresheet. In her motion to correct her sentence, Armstrong sought relief for her convictions in case numbers CF97-00506B-XX and CF96-00441A-XX in reliance on Heggs v. State, 759 So.2d 620 (Fla.2000). The trial court found that the offenses encompassed in the 1997 case fell outside of the Heggs window period and denied relief. The trial court granted relief as to the 1996 case and subsequently resentenced Armstrong in that case.
Although the court was correct in denying Heggs relief in the 1997 case, the court should nonetheless have resentenced Armstrong in that case based on a new scoresheet. Separate scoresheets are required for offenses committed when different versions of the sentencing guidelines are applicable. § 921.0014(3), Fla. Stat. (Supp.1996). The new scoresheet for the post-Heggs 1997 offenses should not include the offenses that fell within the Heggs window period as additional offenses because those offenses occurred prior to the 1997 offenses. Consequently, the sentence for the older offenses should be calculated on a separate scoresheet and may properly be added to the subsequent scoresheet as prior, rather than as additional, offenses.
Similarly, the trial court should not have included these later offenses on Armstrong's scoresheet when it resentenced her in the 1996 case because they were not prior offenses. Accordingly, Armstrong must be resentenced on all of her convictions pursuant to the guidelines applicable to each conviction. See State v. White, 762 So.2d 927 (Fla. 2d DCA 2000).
Reversed and remanded.
BLUE, A.C.J., and GREEN and STRINGER, JJ., concur.