CANADY, Judge.
Gregory A. Cutts appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 and his resentencing pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). We affirm the denial of his rule 3.850 motion without discussion, but we reverse and remand for resentencing.
As a result of his postconviction motion, Cutts was granted Heggs resentencing on two sexual battery convictions from 1999. At the resentencing, the trial court scored a violation of probation for solicitation to sell cocaine and a violation of probation for resisting an officer with violence as additional offenses because they had been pending before the trial court for sentencing at the time of Cutts’s original sentencing on the sexual batteries in 1999. On appeal, Cutts argues that upon resentenc- *311 ing the trial court should have scored the violations of probation as prior record rather than additional offenses because a different version of the guidelines applied to the violations of probation, which occurred prior to the sexual batteries. Section 921.0014(3), Florida Statutes (Supp. 1996), provides that when a “defendant is before the court for sentencing for more than one felony and the felonies were committed under more than one version or revision of the guidelines, separate score-sheets must be prepared.” See Armstrong v. State, 787 So.2d 74, 75 (Fla. 2d DCA 2001). The State concedes error, and we agree. Therefore, we reverse Cutts’s sexual battery sentences and remand for the trial court to resentence Cutts pursuant to a corrected scoresheet with the violations of probation included as prior record. See id.
Affirmed in part, reversed in part, and remanded.
DAVIS, J., and SCHEB, JOHN M„ Senior Judge, Concur.