PER CURIAM.
The appellant has filed a motion seeking clarification of his sentence, which this Court will treat as a motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The appellant argues that the sentencing court did not impose two years of probation to follow the 41.1 months of incarceration that both the appellant and the court agree was to be imposed. The lower court has rendered an order which states that in March 2010 when the court sentenced the appellant it did impose two years of probation to follow the 41.1 months of imprisonment. However, the court has not attached either the portion of the sentencing hearing transcript or the judgment and sentence, or any other portion of the record, which conclusively refutes the appellant’s claim.
We therefore reverse and remand for the trial court to either attach documentation conclusively refuting the appellant’s claim or to grant him relief. See, e.g., Moore v. State, 17 So.3d 878 (Fla. 1st DCA 2009) (citing Corp v. State, 698 So.2d 1349 (Fla. 1st DCA 1997) (‘“when denying a cognizable 3.800(a) claim, the trial court must attach portions of the record conclusively refuting that claim’ ”)).
REVERSED AND REMANDED.
BENTON, C.J., VAN NORTWICK, and SWANSON, JJ., concur.