NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WILFRED PAUL MILLER,            )
                                )
            Appellant,          )
                                )
v.                              )            Case No. 2D14-3728
                                )
STATE OF FLORIDA,               )
                                )
            Appellee.           )
_____  )

Opinion filed October 16, 2015.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for Polk
County; John K. Stargel, Judge.

Wilfred Paul Miller, pro se.


SALARIO, Judge.

Wilfred Paul Miller filed a motion under Florida Rule of Criminal Procedure 3.800(a) alleging that four of his six sentences arising from various child sexual offenses were illegal because they exceeded the applicable statutory maximum sentences for those offenses. The postconviction court denied the motion reasoning that Miller's sentences were legal because they were the lowest permissible sentences under the criminal punishment code. See § 921.002, Fla. Stat. (2014). That decision was mistaken because Miller's offenses predate the criminal punishment code, and as a

result, the code does not apply to his sentences. Miller appeals the order denying his motion, and we are thus required to reverse and remand for reconsideration.

On January 5, 1998, Miller was sentenced after pleading guilty to one count of sexual battery on a child, one count of attempted sexual battery on a child, and four counts of committing a lewd, lascivious, or indecent assault or act upon or in the presence of a child. The two sexual battery offenses were first-degree felonies for which Miller received probationary split sentences of ten years in prison followed by ten years of probation. The lewd or lascivious offenses were second-degree felonies for which Miller received probationary split sentences of five years in prison followed by ten years of probation. All sentences were to run concurrently.

About nine years later, on March 28, 2007, Miller was sentenced for these offenses anew after his probation was revoked. This time, the sentencing court imposed a separate twenty-year sentence on each of the six counts with all sentences to run concurrently. Roughly seven years after that, on June 19, 2014, he filed a rule 3.800(a) motion to correct his sentence. Miller's motion stated that he was not challenging the two twenty-year sentences he received for the sexual battery and attempted sexual battery offenses. He alleged instead that the twenty-year sentences on the four lewd or lascivious counts were illegal because they exceeded the fifteen-year statutory maximum for second-degree felonies. See § 775.082(3)(c), Fla. Stat. (1988).[1]

---

[1]The versions of section 775.082(3)(c) in effect when Miller alleges the offenses occurred range from 1988 to 1995. The statutory maximum for second-degree felonies set in section 775.082(3)(c) remained fifteen years at all times relevant to this appeal.

The postconviction court denied Miller's motion. It determined that the lowest permissible sentence under the criminal punishment code for lewd or lascivious assault or act involving a child was twenty years. It then applied the rule that when the lowest permissible sentence under the code exceeds the applicable statutory maximum sentence, the lowest permissible sentence under the code must be imposed. See § 921.0024(2), Fla. Stat. (1998); Fla. R. Crim. P. 3.704(d)(25); Perkins v. State, 123 So. 3d 678, 678 (Fla. 2d DCA 2013). Because Miller's sentences were the lowest permissible sentences under the code, the postconviction court held that they were legal sentences and, as a result, that Miller was not entitled to relief under rule 3.800(a).

The difficulty with the postconviction court's reasoning is that Miller was never subject to sentencing under the criminal punishment code. By its terms, the code applies only to "felony offenses, except capital felonies, committed on or after October 1, 1998." § 921.002. It does not apply to offenses committed before its October 1, 1998, effective date. See Gautreaux v. State, 95 So. 3d 1012, 1014 (Fla. 2d DCA 2012). It is clear from the face of our record that Miller was initially sentenced on January 5, 1998. It is thus equally clear from our record that Miller's offenses occurred before the criminal punishment code became effective.

When the sentencing court sentenced Miller a second time after revoking his probation in March 2007, it was authorized by statute only to impose a sentence it might have imposed when Miller was initially sentenced. See § 948.06(2)(b),(e), Fla. Stat. (2006); see also Savage v. State, 120 So. 3d 619, 623 (Fla. 2d DCA 2013). It had no authority to impose a sentence that was not available for Miller's offenses at the initial sentencing. See Finney v. State, 9 So. 3d 741, 744 (Fla. 2d DCA 2009); see also

Hopkins v. State, 711 So. 2d 603, 604 (Fla. 1st DCA 1998) (reversing seventeen-year sentence imposed after defendant violated probation after conviction for lewd or lascivious act upon a child where the maximum allowable sentence at the time of the offense was fifteen years). Because Miller's offenses occurred before the effective date of the criminal punishment code, the postconviction court could not properly rely on the code as authorization for the sentences he received for those offenses.

Miller's rule 3.800(a) motion was facially sufficient. Because the postconviction court's reasons for denying that motion were mistaken as a legal matter, we are required to reverse. However, we cannot determine from the limited appellate record—which consists only of Miller's motion, the postconviction court's order, and a handful of attachments—whether the twenty-year sentences on the four lewd or lascivious counts were in fact illegal as Miller now asserts. Accordingly, we must remand for reconsideration of his motion by the postconviction court.

On remand, the postconviction court shall determine whether the face of the sentencing court record demonstrates that it was illegal for the sentencing court to impose sentences in excess of the statutory maximum for Miller's four lewd or lascivious offenses.[2] See Johnson v. State, 60 So. 3d 1045, 1049-50 (Fla. 2011) (holding that rule

---

[2]To the extent that Miller also asserted that his sentences are illegal because a defendant who violates probation on a true split sentence is protected by the double jeopardy clause from the imposition of a sentence upon revocation that exceeds the suspended portion of the split sentence or the aggregate of the original sentence, the record supports the denial of that claim without further consideration by the postconviction court. The record demonstrates that Miller received a probationary split sentence, not a true split sentence. See Moore v. Stephens, 804 So. 2d 575, 577 (Fla. 5th DCA 2002) ("A 'true' split sentence consists of a total period of confinement with part of that confinement suspended. . . . In contrast, a 'probationary' split sentence involves a period of incarceration followed by a period of probation."). When a defendant receives a probationary split sentence, "resentencing to a greater prison term upon

- 4 -

3.800(a) allows correction of "sentencing errors that may be identified on the face of the record" and that "no evidentiary hearing is allowed" (quoting Williams v. State, 957 So. 2d 600, 612 (Fla. 2007); Brooks v. State, 969 So. 2d 238, 242 (Fla. 2007))). In that regard, Miller's motion alleged that the sentencing court record demonstrates that three of these offenses occurred between 1988 and 1992, while the fourth occurred in 1996. What the sentencing court record reflects about when Miller's offenses occurred will necessarily inform whether the sentencing court could have imposed sentences under those guidelines that exceeded the statutory maximum. See Floyd v. State, 721 So. 2d 1163, 1164 (Fla. 1998) (holding that under the 1994 amendments to the sentencing guidelines, "if the guidelines sentence—i.e., the 'true' recommended guidelines sentence—exceeds the statutory maximum, the court is authorized to impose the guidelines sentence"); Mays v. State, 717 So. 2d 515, 516 (Fla. 1998) ("Prior to 1994, a court could not impose a guidelines sentence outside the statutory limits."); Cutts v. State, 903 So. 2d 310, 311 (Fla. 2d DCA 2005) (discussing preparation of separate scoresheets where multiple offenses occurred when differing versions of the guidelines prevailed). The postconviction court shall attach to its order deciding Miller's motion copies of those portions of the sentencing court record upon which it relies in reaching its decision. See generally White v. State, 72 So. 3d 802, 802 (Fla. 1st DCA 2011).

Reversed; remanded with instructions.

MORRIS and BLACK, JJ., Concur.

violation of probation does not violate double jeopardy or any other constitutional provisions." State v. Wayne, 531 So. 2d 160, 161 (Fla. 1988) (citing Poore v. State, 531 So. 2d 161, 163-64, 165 (Fla. 1988)).