NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

THOMAS WAYNE PATTERSON,      )
                             )
            Appellant,       )
                             )
v.                           )          Case No. 2D15-4293
                             )
STATE OF FLORIDA,            )
                             )
            Appellee.        )
_____)

Opinion filed July 27, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pasco County; Susan G. Barthle, Judge.

WALLACE, Judge.

Thomas Wayne Patterson appeals the order denying his motion to correct illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a). Although we affirm, we write to explain our reasoning.

A jury convicted Patterson of committing second-degree murder, and the trial court sentenced him to life imprisonment. The date of the offense was August 8, 1997. In his rule 3.800(a) motion, Patterson alleged that his sentence is illegal because his scoresheet improperly included four points for legal status violation based on his

having been on pretrial release when he committed the murder.  See Morrison v. State, 59 So. 3d 308, 313 (Fla. 2d DCA 2011) ("[W]e therefore hold that the commission of a crime while on pretrial release does not qualify a defendant for the inclusion of legal status points on a scoresheet.").  Patterson alleged that the four points put him just over a total of 363 points, which authorized the trial court to sentence him to life imprisonment.  Without the four points, Patterson alleged, he would have scored 362.2 points, which would have placed him in a sentencing range of twenty-two to twenty-seven years' imprisonment.  As a result, if the trial court wished to depart from the recommended sentence under the guidelines and impose a life sentence, it would have been required to provide written reasons.  See Bull v. State, 782 So. 2d 921, 922 (Fla. 2d DCA 2001) (stating that any departure from the guidelines "must be supported by written reasons existing at the time of the original sentencing").

In denying Patterson's motion, the postconviction court ruled that even with a corrected scoresheet, his life sentence was not illegal because second-degree murder is punishable by a maximum sentence of life imprisonment.  See § 782.04(2), Fla. Stat. (1997).  But it is only under the Criminal Punishment Code that the permissible sentencing range is up to and including the statutory maximum.  See Fla. R. Crim. P. 3.704(d)(25).  And "[b]y its terms, the code applies only to 'felony offenses, except capital felonies, committed on or after October 1, 1998.' "  See Miller v. State, 177 So. 3d 95, 96 (Fla. 2d DCA 2015) (quoting § 921.002, Fla. Stat. (1998)).  Because Patterson's offense was committed before the Code went into effect, he was subject to sentencing under the guidelines.  In order to depart beyond the maximum allowed by a

guidelines score, the trial court had to provide valid written reasons. See Fla. R. Crim. P. 3.703(d)(30).

Nevertheless, the postconviction court's denial of Patterson's motion was correct because the alleged impropriety in the scoring of points for legal status violation is not evident from the face of the record that was before the postconviction court. See Blocker v. State, 968 So. 2d 686, 693 (Fla. 2d DCA 2007) ("In order for a sentence to be 'illegal' for purposes of correction under rule 3.800(a) at any time, the claim must be resolvable as a matter of law without an evidentiary determination, see State v. Callaway, 658 So. 2d 983, 988 (Fla. 1995), receded from on other grounds in Dixon v. State, 730 So. 2d 265 (Fla. 1999)."). Patterson did not identify the parts of the record that demonstrate that he was in fact assessed points for legal status violation based on his having been on pretrial release at the time of the commission of the murder. See Santiago v. State, 22 So. 3d 789, 789-90 (Fla. 5th DCA 2009) ("[T]he motion must affirmatively allege that the trial court records demonstrate on their face an entitlement to relief. A mere conclusory allegation that the answer lies in the record is insufficient to satisfy the pleading requirements of the rule. At a minimum, a rule 3.800 motion should state where in the record the information can be located and explain how the record demonstrates entitlement to relief." (citations omitted)). If Patterson files another rule 3.800(a) motion and demonstrates that the record entitles him to relief, any such motion shall not be considered successive.

Affirmed.


NORTHCUTT and CRENSHAW, JJ., Concur.

- 3 -