IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

December 6, 2017

WILFRED PAUL MILLER        )
                           )
        Appellant,         )
                           )
v.                         )        Case No. 2D16-217
                           )
STATE OF FLORIDA,          )
                           )
        Appellee.          )
_____ )

BY ORDER OF THE COURT:

        Upon consideration of the motion for rehearing filed by the appellant on July 28,

2017,

        IT IS ORDERED that the appellant's motion for rehearing is granted.  The opinion

dated July 12, 2017, is withdrawn and the attached opinion is substituted therefor.  No

further motions for rehearing will be considered.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.

MARY ELIZABETH KUENZEL, CLERK

WILFRED PAUL MILLER,     )
                              )
       Appellant,         )
                              )
v.                        )      Case No. 2D16-217
                              )
STATE OF FLORIDA,        )
                              )
       Appellee.          )
_____)

Opinion filed December 6, 2017.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Polk County; John K. Stargel, Judge.

Wilfred Paul Miller, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and David E. Campbell,
Assistant Attorney General, Tampa,
for Appellee.

PER CURIAM.

       Wilfred Paul Miller appeals the order denying in part and granting in part

his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a).[1]  We reverse

and remand for further proceedings.

_____

       [1]Mr. Miller appeals only that portion of the order that denied relief as to
counts four and five.  See Fla. R. App. P. 9.140(b)(1)(D).

Mr. Miller pleaded to attempted sexual battery of a child under twelve (count three), sexual battery of a child over twelve (count six), and four counts of committing a lewd, lascivious, or indecent assault or act upon or in the presence of a child (counts one, two, four, and five). The information reflects that counts one through three occurred between August 15, 1988, and August 15, 1992, and counts four through six occurred between December 6, 1996, and December 22, 1996. On January 5, 1998, the trial court sentenced Mr. Miller to concurrent probationary split sentences of ten years in prison followed by ten years of probation for the two first-degree felonies (counts three and six) and to probationary split sentences of five years in prison followed by ten years of probation for the second-degree felonies (counts one, two, four, and five). On March 28, 2007, the trial court revoked Mr. Miller's probation and imposed concurrent twenty-year sentences for each conviction.

Mr. Miller filed a rule 3.800(a) motion asserting that the twenty-year sentences for the second-degree felony convictions are illegal because they exceed the fifteen-year statutory maximum. The postconviction court denied the motion, reasoning that Mr. Miller's lowest permissible sentence for these crimes under the criminal punishment code is twenty years, making twenty years the appropriate sentence. This court reversed, explaining that the postconviction court erred as a matter of law because Mr. Miller's offenses predated the criminal punishment code. Miller v. State, 177 So. 3d 95, 97 (Fla. 2d DCA 2015).

On remand, the postconviction court granted the motion as to counts one and two but denied the motion as to counts four and five, reasoning: "The 1994 sentencing guidelines scoresheet was prepared for Counts 4, 5, and 6, and accounted

for a recommended range between 210 months and 350 months. The Defendant's sentence of 240 months on counts 4 and 5 was therefore legally imposed."

However, the sentencing guidelines scoresheet that the postconviction court attached to its order is titled "October 1, 1995 Rule 3.991(A) Sentencing Guidelines Scoresheet." The information attached to the postconviction court's order reflects that Mr. Miller committed the crimes charged in counts four and five in December of 1996, so the postconviction record reflects that he is entitled to sentencing under the 1994 version of the guidelines. See Heggs v. State, 759 So. 2d 620, 630-31 (Fla. 2000) (holding that the 1995 amendment to the sentencing guidelines was "void in its entirety" and remanding for resentencing in accordance with the valid laws in effect on the dates of his offenses); see also Trapp v. State, 760 So. 2d 924, 928 (Fla. 2000) (holding that the window for challenging sentences imposed under the invalid amendment to the guidelines commenced on October 1, 1995, and closed on May 24, 1997). While the 1995 scoresheet shows that the guidelines recommended sentence exceeds the fifteen-year statutory maximum, see Mays v. State, 717 So. 2d 515, 516 (Fla. 1998) (interpreting section 921.001(5), Florida Statutes (1995), to require the "true" recommended guidelines sentence be imposed, absent a departure, if it exceeds the statutory maximum), the postconviction record does not show that twenty years is a lawful sentence under the 1994 guidelines. Accordingly, we reverse and remand for further proceedings.

Reversed and remanded.


SILBERMAN, MORRIS, and BADALAMENTI, JJ., Concur.